W. R. WOOD *v.* W. A. STAFFORD et al.

1. ESTATES OF DECEDENTS — WITNESSES — COMPETENCY THEREOF — CODE, 1871, § 758.— The construction put upon § 758 of the Code of 1871, is that a living party, plaintiff or defendant, in a suit in which the representative of a decedent is a party, is not competent to establish his right or demand against the estate, nor to defeat one, set up by the estate against him. Lamar v. Williams, 39 Miss., 347 ; Faler v. Jordan, 44 Miss , 289.

2. GUARDIAN — WARD — INVESTMENT OF FUNDS THEREOF.— If the money of a ward is invested in land or other property, the ward may follow the money into the land and elect to treat the land as held in trust for him, or if more to his advantage, can hold the guardian as his debtor for the money. Pressly, Supt., v. Ellis et al., 48 Miss., 582. If the ward elects to take the money, the title to the property becomes absolute in the guardian.

3. SAME — MARRIAGE OF FEMALE GUARDIAN. — The husband of an executrix by virtue of his wife's appointment, may exercise the powers of an executor. Edmonson v. Roberts, 1 How., 329. Marriage with the administratrix confers the same duties and responsibilities. Wren et al. v Gayden, 1 How., 376. The rule must be the same when the female guardian marries.

4. SAME — INVESTMENT OF WARD'S MONEY BY HUSBAND OF FEMALE GUARDIAN. —When the husband of a female guardian invests the money of his wife's ward in land, he becomes a volunteer, and if the ward should elect to proceed against the land, he would occupy no better position than would the guardian had she taken the title to herself. Courts of equity follow the ward's property, whenever wrongfully disposed of, and into whosesoever hands it may come, that person will be charged as trustee, if it be shown that he had knowledge of the trust.

5. SAME — POWER OF DISPOSITION IN GUARDIAN. — When the right of disposition is in the guardian, and the purchaser or assignee is not obliged to see to the appropriation of the money, yet if upon the face of the assignment it was to pay a private debt, or for any other improper purpose, contrary to the duty of such fiduciary, a court of equity will relieve.

6. SAME — SAME.— If the trust funds have been invested in property, the *cestui que trust* may clain the beneficial interest in the property, or he may claim an equity upon the property for the money, and a vendee from such purchaser with notice stands as trustee. The trust can be enforced against all persons who come into possession of the property with notice of it. Adair v. Schaw, 1 Sch. & Lefr., 262.

APPEAL from the Chancery Court of Montgomery County. Hon. D. P. COFFEY, Chancellor.

The facts of the case sufficiently appear in the opinion of the court. The error complained of was the dismissing of the bill.

*Sweatman & Williamson,* for appellants, contended :

1. That Stafford, by virtue of his marital relation, was a trustee for the wards of his wife, and that in law he will be held to account as strictly as though he had been the actual guardian.

2. That is a well settled principle of law that the *cestui que trust,* or ward, can elect to recover from the trustee or guardian, either the money or the property that the money purchased. Casslinger v. Stakes, Meigs (Tenn.) R., 175.

3. That by the decisions of this state, the husband of an executrix and admistratrix is liable with his wife for the use and application of the trust fund, so long as the coverture continues. This same principle will apply to the husband of a guardian. Edmonson v. Roberts, 1 How. (Miss.), 322; 2 Williams on Ex., p. 825.

*D. A. Holman,* for appelless, insisted :

1. That Whittle's deposition is clearly inadmissible, because he shows he owed the guardian $1,000, and seeks to get a credit on his note and charge either the guardian, who is dead, or Stafford, who is dead, by his own, both unassisted or corroborated by any other testimony. Code of 1871, § 758 ; 29 Miss., 161 ; 35 Miss., 584 ; 28 Miss., 119.

2. That when Whittle borrowed the money, it became his own property, and not trust funds, and that the statute of limitations has barred the right to recover it.

3. That Stafford, by virtue of his marriage, could not or did not become guardian or trustee of his wife's wards. That the cases which establish the doctrine, that the husband of an executrix or administratrix, by ·virtue of his marriage, becomes trustee of the funds administered, do not recognize, much less establish, that the same relation exists between the husband and the wife, who is guardian.

4. That our statute recognizes this distinction by requiring the husband of the executrix and administratrix to give bond, and no such requisition is made upon the husband of a wife who is a guardian. Code of 1871, § 1122.

SIMRALL, J., delivered the opinion of the court.

Mrs. Williams, in 1853, was appointed guardian of her minor children ; subsequently she married one Stafford. Before her marriage she had loaned to her father, of her wards' money, one thousand dollars. In 1858, Stafford, her husband, bought the land in controversy, and paid for it by crediting Mr. ——, the vendor, with $800, the price of it, on his note for the borrowed money. This purchase and mode of payment was with the consent of Mrs. Stafford, his wife.

· The complainant, the surviving ward of Mrs. Stafford, brings this suit in equity, to recover the land, on the ground that the fiduciary fund was used in its purchase.

The employment of the means of the ward in the purchase of the land was proved by Wm. Whittle, the debtor to the wards, and the vendor of Stafford. His competency is objected to. The construction put upon the proviso to art. 190, Code of 1857, p. 511; Code of 1871, § 758 is, that a living party plaintiff or defendant in a suit in which the representatives of a decedent is a party, is not competent to establish his right or demand against the estate, nor defeat one set up by the estate against him. Lamar v. Williams, 39 Miss. 347; Griffin v. Lower, 37 Miss., 458; Faler v. Jourdan, 44 Miss. 289; Witherspoon v. Blewett, 47 Miss., 575, 6. In this suit Whittle was not a party ; nor was the personal representative of a decedent asserting a claim or demand against him ; nor was there involved in it a claim .for himself, which he was attempting to establish. He was therefore a competent witness.

The main question is, can the complainants pursue their fund, employed by the husband of their guardian in the purchase of the land, and take the land itself instead of the money ?

It has been so often affirmed by the courts, that a guardian or other trustee cannot make gain or profit from the use of the funds of the ward or *cestui que trust*, that it has become a first principle. If the money is invested in land or other property, the ward or *cestui que trust*, may follow the money into the land, and elect to treat the land as held in trust for him, or if more to his benefit, he can hold the guardian or trustee as his debtor for the money. It is at his election to treat the land as beneficially his. 2 Kent's Com., 229 ; Pressly, Supt., v. Ellis et al., 48 Miss.; 582. If he elects to take the money, the tile to the property becomes absolute in the guardian.

There could be no doubt if the purchase had been made by, and the title taken in the name of Mrs. Stafford, a court of equity would, at the suit of the complainants, enforce a conveyance to them.

But it is said, as the purchase was made by the husband, that principle does not obtain.

As it regards the execution of the will, the husband of the executrix by virtue of his wife's appointment, may exercise the powers of an executor. Edmondson v. Roberts, 1 How., 329. Marriage with the administratrix confers the same duties and responsibilities. Wren v. Gayden, 1 How., 376. The rule must be the same when the female guardian marries.

By reason of the marriage, Stafford got control of the assets of these wards, and converted part of them into the land.

But if it were conceded, that the husband had no right to intermeddle with his wife's guardianship, and the wife applied the funds to pay for the land conveyed to the husband; in that case, the husband became the recipient of the land with knowledge that the funds of the wards had paid for it. He would be a volunteer; the beneficiary of a misappropriation of their means made with his knowledge and consent. If the ward should elect to proceed against the land, he would occupy no better position than would the guardian had she taken the title to herself.

Courts of equity follow the ward's property whenever wrongfully disposed of, and into whosoever hands it may come, that person will be charged as trustee if it be shown that he had knowledge of the trust. Where the right of disposition is in the executor, administrator or guardian, and the purchaser or assignee is not bound to see to the appropriation of the money, yet, if upon the face of the assignment it was to pay a private debt or for any other improper purpose, contrary to the duty of such fiduciary, a court of equity will relieve. Scott v. Tyler (Dickens, 712); Hill v. Simpson, 7 Vesey, 158. The principle is very broad. If the trust funds have been invested in property the *cestui que trust* may claim the beneficial interest in the property or he may claim an equity upon the property for the money, and a vendee from such purchaser, with notice, stands in the shoes of his vendor as trustee. Turner v. Street, 2 Rand., 408. The trust can be enforced against all persons who come into possesson of the property with notice of it. Adair v. Shaw, 1 Sch. & Lefr., 262.

In this case Stafford got control of the fund as husdand, and deliberately used, so as to divert it from the wards and vest it in himself by making the purchase for his own benefit.

Clearly, the beneficiaries have the right, if he made a good bargain, to insist that he took the legal title for their benefit, and thus prevent him from making personal gain out of their means.

We are of the opinion that the complainants are entitled to the relief sought by their bill.

The decree will be reversed, and cause remanded with directions to the chancellor to render a decree in favor of appellants.