# CAPITAL NATIONAL BANK OF LINCOLN *v.* FIRST NATIONAL BANK OF CADIZ.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 72. Argued December 2, 5, 1898. — Decided January 3, 1899.

A writ of error from this court to revise the judgment of a state court can only be maintained when within the purview of section 709 of the Revised Statutes.

If the denial by the state court of a right under a statute of the United

States is relied on as justifying the interposition of this court, before it can be held that the state court thus disposed of a Federal question, the record must show, either by the words used or by clear and necessary intendment therefrom, that the right was specifically claimed; or a definite issue as to the possession of the right must be distinctly deducible from the record, without an adverse decision of which, the judgment could not have been rendered.

Though a Federal question may have been raised and decided, yet if a question, not Federal, is also raised and decided, and the decision of that question is sufficient to support the judgment, this court will not review the judgment.

No Federal right was specially set up or claimed in this case at the proper time or in the proper way; nor was any such right in issue and necessarily determined; but the judgment rested on non-Federal grounds entirely sufficient to support it.

The record discloses no Federal question asserted in terms save in the application to the Supreme Court for a rehearing, when the suggestion came too late.

The petition did, indeed, allege that the Capital National Bank was organized under the banking act, and that a receiver was appointed, who took possession of the bank's assets and of all trusts and moneys held by it in a fiduciary capacity, and the answer admitted these averments, respecting which there was no controversy; yet no right to appropriate trust funds was claimed by defendant under any law of the United States, nor was it asserted that any judgment which might be rendered for plaintiff would be in contravention of any provision of the banking act.

*California Bank* v. *Kennedy*, 167 U. S. 362, distinguished from this case.

THIS was an action brought by the First National Bank of Cadiz, Ohio, against the Capital National Bank of Lincoln, Nebraska, and Macfarland, the receiver thereof, in the district court of Lancaster County, Nebraska.

The petition contained five counts for moneys belonging to plaintiff received by defendant from notes transmitted to it for collection and remittance.

Each of the counts concluded thus:

" Plaintiff further says that on or before the 21st day of January, 1893, the said defendant bank then and there became and for some time prior thereto had been insolvent, and that under and in pursuance of the laws of the United States the said defendant, Macfarland, was duly appointed and is now acting as a receiver thereof, and that all the assets and trusts in and belonging to said bank and the beneficiaries thereof

passed into the possession of and are now held by the said Macfarland for the said bank, and all trusts or moneys held or obtained by said bank in a fiduciary capacity passed into the hands of said defendant, Macfarland, and he now holds the same in the same capacity that the said bank did before he took possession thereof.

" That in the collection of said note the said Capital National Bank was acting as the agent of this plaintiff for the purpose aforesaid, and the money so collected was the property of and belonged to this plaintiff; that said amount so collected never was a part of the assets of said bank and never belonged to the stockholders thereof; that whether or not said amount was ever mixed or mingled with the true assets of said bank plaintiff is unable to state, but does allege that if the same was mixed or mingled with the assets of said bank that the same was done wrongfully and fraudulently by the officers of said bank and without the knowledge or consent of this plaintiff; that a part of the business and powers of said bank was the collection and remittance of moneys for persons and corporations, and that the said defendant bank was acting as agent for that purpose as hereinbefore alleged."

The prayer was " that an account may be taken of the trust funds to which the plaintiff may be entitled, and that a decree be entered against the said Capital National Bank and the said John D. Macfarland, directing the payment or delivery to plaintiff of the amount of said collections, and that the said amount be decreed to be a trust fund in the hands of said bank and receiver to be first paid to this plaintiff, together with interest thereon, as damages, out of any money that may have passed to or afterwards come into the possession of said bank or receiver as a preferred or special claim, and that plaintiff may have such other or further relief as in equity it may be entitled to."

Macfarland having resigned the receivership, Hayden was appointed to succeed him, and filed an answer, (stating preliminarily that he answered " as well for the said defendant bank as for and on his own account as receiver thereof,") admitting the insolvency of the defendant bank, the appoint-

ment of Macfarland as receiver and his taking possession of the bank, "with all and singular its rights, credits, effects, trusts and duties," and setting up his own subsequent appointment. With the exception of the admissions, the answer amounted to a general denial, there being a special denial of the receipt or collection by the bank or the receiver of the note mentioned in the first count.

The cause came on for hearing, and, after the default of the bank was taken and entered, was tried by the court, which made certain findings of fact, and entered the following judgment: "It is, therefore, considered, ordered, adjudged and decreed by the court that the said plaintiff, the First National Bank of Cadiz, Ohio, do have and recover of and from the said defendant, the Capital National Bank of Lincoln, Nebraska, the amount of the trust fund hereinbefore found to belong to plaintiff, to wit, eight thousand and fifty (8050) dollars, with interest thereon, at the rate of seven per cent per annum, from January 20, 1893, principal and interest amounting to the sum of eight thousand and seven hundred twenty-two and $\frac{95}{100}$ ($8722.95) dollars at the date of this decree. And it is further ordered, adjudged and decreed by the court that the said defendant, Kent K. Hayden, receiver of the said defendant, the Capital National Bank, be, and he is hereby, ordered to pay the plaintiff the amount of said trust fund in his hands, as hereinbefore found, to wit, the sum of eight thousand and fifty dollars, together with seven per cent interest thereon from January 20, 1893, as damages for the detention thereof, the said principal and interest at the date of this decree amounting to the sum of eight thousand seven hundred twenty-two and $\frac{95}{100}$ ($8722.95) dollars, out of any money now in his hands or that may come into his hands as such receiver; that when said money or any part of it is paid under this order, the same shall apply on the above judgment against said defendant bank; that the said defendant bank and said defendant, Hayden, pay the costs of this action, taxed at $50.03."

Thereupon the defendant bank, "by Kent K. Hayden, its receiver," moved for a new trial on these grounds: "1. The judgment is not sustained by sufficient evidence. 2. The judg-

ment is contrary to law. 3. Errors of law occurring at the trial duly excepted to. 4. There is error in the assessment of the amount of recovery in this, that the judgment allows the plaintiff interest on his claim from and after the failure of the Capital National Bank." The motion was overruled, a bill of exceptions duly taken, and the cause carried to the Supreme Court of Nebraska on error.

The application to that court for the writ of error assigned twenty-seven errors. Some of these asserted that certain enumerated findings of fact were not "sustained by the law;" and the 21st, 22d, 23d, 24th, 25th, 26th and 27th were:

"21. The court erred in rendering judgment against the plaintiff in error for interest upon the amounts collected by the plaintiff in error for the defendant in error.

"22. The court erred in rendering judgment against the plaintiff for the costs.

"23. The court erred in holding that money collected by the Capital National Bank was a trust fund in the hands of the receiver for the benefit of the defendant in error.

"24. The court erred in rendering judgment against the plaintiff in error for the full amount of the notes collected by the Capital National Bank.

"25. The court erred in rendering a judgment which had the effect of making the defendant in error a preferred creditor over the other creditors of the Capital National Bank.

"26. The court erred in ordering that the amount of the judgment should be paid out of any money then in the hands or that might thereafter come into the hands of the plaintiff in error.

"27. The court erred in rendering a judgment which would become a lien upon all the assets of the Capital National Bank."

The Supreme Court affirmed the judgment of the district court, and, its judgment having been entered, the receiver applied for a rehearing, assigning five reasons therefor, of which the fifth was as follows: "Because said judgment and decree of said district court so affirmed by said judgment and decree of this court adjudged the amount found due the

plaintiff therein to be a lien upon the property and assets now in the possession of the appellant or which shall hereafter come into his possession, and to be paid out of the proceeds thereof in preference and priority to other creditors of said bank, and is in violation of the provisions of the 'national bank act' of the United States under whose authority this appellant was appointed and is acting."

The petition for rehearing was denied, and thereafter this writ of error was allowed.

After the case had been docketed, the death of Hayden was suggested, and the appearance of John W. McDonald, appointed his successor as receiver, was entered.

*Mr. A. E. Harvey* and *Mr. John H. Ames* for plaintiffs in error. *Mr. Amasa Cobb* was on their brief.

*Mr. L. C. Burr* for defendant in error. *Mr. Newton C. Abbott* and *Mr. Arthur W. Lane* filed a brief for same.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

The writ of error from this court to revise the judgment of a state court can only be maintained when within the purview of section 709 of the Revised Statutes.

If the denial by the state court of a right under a statute of the United States is relied on as justifying our interposition, before it can be held that the state court thus disposed of a Federal question, the record must show, either by the words used or by clear and necessary intendment therefrom, that the right was specifically claimed; or a definite issue as to the possession of the right must be distinctly deducible from the record, without an adverse decision of which, the judgment could not have been rendered.

Moreover, even though a Federal question may have been raised and decided, yet if a question, not Federal, is also raised and decided, and the decision of that question is sufficient to support the judgment, this court will not review the judgment.

In our opinion no Federal right was specially set up or claimed in this case at the proper time or in the proper way; nor was any such right in issue and necessarily determined; but the judgment rested on non-Federal grounds entirely sufficient to support it.

The record discloses no Federal question asserted in terms save in the application to the Supreme Court for a rehearing, when the suggestion came too late.

The petition did, indeed, allege that the Capital National Bank was organized under the banking act, and that a receiver was appointed, who took possession of the bank's assets and of all trusts and moneys held by it in a fiduciary capacity, and the answer admitted these averments, respecting which there was no controversy, yet no right to appropriate trust funds was claimed by defendant under any law of the United States, nor was it asserted that any judgment which might be rendered for plaintiff would be in contravention of any provision of the banking act.

The motion for new trial pursued a common formula, and one of the grounds assigned was that the judgment was " contrary to law," but this cannot be construed as having a single meaning, and distinctly referring to the denial of a right claimed under an act of Congress, consistently with the requirements of section 709 of the Revised Statutes as expounded by numerous decisions of this court.

*California Bank* v. *Kennedy*, 167 U. S. 362, is not to the contrary, as counsel seem to suppose. There the question was whether a national bank could purchase or subscribe to the stock of another corporation, and the answer averred that if the stock in question appeared to have been issued to the national bank, it was " issued without authority of this corporation defendant, and without authority of law." The grounds presented on motion for new trial, and in the specifications of error which formed the basis of the appeal to the Supreme Court of the State, asserted the want of power under the laws of the United States; and the California Supreme Court said in its opinion that the bank appealed on the ground " that, by virtue of the statutes under which it is

organized, it had no power to become a stockholder in another corporation." The general rule was not questioned that if the alleged right was not claimed before judgment in the highest court of the State, it could not be asserted in this court.

This rule was not complied with here, nor was any Federal question in terms decided, while on the contrary the judgment was explicitly rested on non-Federal grounds.

The contention of plaintiff was that the Capital National Bank had money in its hands which belonged to plaintiff; did not belong to the bank; had never formed part of its assets; and was held by the bank in trust for plaintiff.

The right to the money was considered by the trial court in the light of general equitable principles applicable on the facts, and the court adjudged that the money constituted a trust fund to which plaintiff was entitled.

The decision did not purport to affect the assets of the bank, or attempt to direct the distribution thereof, or in any way to interfere with the disposition of assets actually belonging to the bank; nor did it affect the receiver as receiver, or his appointment or authority under the banking act. As the trial court found that certain moneys held by the bank in trust for plaintiff had come into the receiver's hands, he was directed to return them, for he had no stronger title to the trust fund as against the plaintiff than the bank had.

When the case came to the Supreme Court, that court, finding no reversible error in the record, affirmed the judgment of the district court, and filed an opinion, 49 Neb. 795, stating: "This case is of the same general nature as *Capital Nat. Bank et al.* v. *Coldwater Nat. Bank*, 49 Neb. 786. It was submitted upon the same argument, and, governed by the result reached in that case, this is affirmed." From the opinion in the case thus referred to, it appears that that case, now on our docket and numbered 73, was submitted to the Supreme Court of Nebraska with this case numbered 72, and with three others, also brought here, and numbered 74, 75 and 76, and that the five cases were disposed of by the opinion in No. 73.

The Supreme Court there held that:

" A fund which comes into the possession of a bank with respect to which the bank had but a single duty to perform, and that is to deliver it to the party thereto entitled, is a trust fund, and is therefore incapable of being commingled with the general assets of such bank subsequently transferred to its receiver.

" Under the circumstances above indicated, the receiver of the bank is merely substituted as trustee, and its funds in his hands should be devoted to discharging such trust before distribution thereof is made to the general creditors of the bank."

Among other things, the court said : " It is conceded by the plaintiff in error that the relief granted by the district court was in conformity with the views expressed more or less directly by this court in *Wilson* v. *Coburn,* 35 Neb. 530 ; *Anheuser-Busch Brewing Association* v. *Morris,* 36 Neb. 31 ; *Griffin* v. *Chase,* 36 Neb. 328 ; and *State* v. *State Bank of Wahoo,* 42 Neb. 896, but it is urged that a reëxamination of the principles involved should satisfy us that these cases proceeded upon an erroneous view of the law as now settled. A very careful examination has been made of all cases cited in respect to the pivotal question which has already been sufficiently indicated as having been acted upon by the district court." And after reviewing these cases the court announced that it was not convinced that it should recede from the line of its former decisions.

We know of no provision of the banking act which assumes to appropriate trust funds in the possession of insolvent banks, or other property in their possession to which they have no title, and it is clear that the state courts had jurisdiction to determine whether this money was or was not a trust fund belonging to plaintiff.

The receiver made no effort to remove the litigation to the Circuit Court, contested the issues on a general denial, and set up no claim of a right under Federal statutes withdrawing the case from the operation of general law.

In these circumstances the result is that this court has no jurisdiction to revise the judgment of the Supreme Court of

Nebraska, and we, necessarily, intimate no opinion in respect of the views on which the case was disposed of.

*Writ of error dismissed.*