PATEK *v.* PATEK.

1. INJUNCTION—APPEAL AND ERROR—PRELIMINARY ORDER—SU-
   PREME COURT PRACTICE—ISSUANCE AFTER APPEAL.
   > In a suit to follow a trust fund into the hands of the receiver
   > of a national bank, after the denial of an injunction in the
   > lower court, the Supreme Court, on appeal, may grant com-
   > plainant's application, renewed upon different grounds, for an
   > injunction restraining the receiver from removing the funds
   > out of the jurisdiction of the court.

2. SAME—NATIONAL BANKS—RECEIVER.
   > Pending the determination of the ownership and right to the
   > alleged trust funds, the court has jurisdiction to restrain the
   > removal thereof from the State by the receiver.

Application by Julius J. Patek for a temporary injunc-
tion in a suit in which petitioner is complainant and Ber-
tha Patek, First National Bank of Ironwood, and Philip
Tillinghast, as receiver thereof, are defendants, to restrain
the removal of trust funds from the State pending an ap-
peal by complainant. Order to show cause issued March
13, 1911. Submitted April 14, 1911. (Calendar No.
24,329.) Writ granted July 5, 1911.

*Julius J. Patek, in pro. per.*

*Chester G. Rogers* (*P. Tillinghast* and *Herb M.
Norris,* of counsel), for defendant Tillinghast.

MOORE, J. The bill of complaint in this case is filed
for the purpose of following what complainant claims is a
trust fund which should inure to his benefit. Pending an
appeal to this court, and after the case reached this court,
the appellant applied for a temporary injunction against
the receiver, to restrain him from transmitting said trust
fund beyond the jurisdiction of the court.

Three objections are made:

(1) That a like application was refused in the circuit court, thereby bringing the case within section 431, 1 Comp. Laws.

(2) The Supreme Court has no original equity jurisdiction and cannot issue writs of injunction.

(3) A State court cannot issue an injunction affecting the property of a national bank.

1. A reference to the original bill of complaint will show that the prayer for a writ of injunction was not the same. There was no claim there that the property was to be removed.

2. This is not a proceeding where the Supreme Court takes original equity jurisdiction. The case originated in the circuit court. Pending its appeal here, it is claimed that an emergency has arisen requiring a temporary injunction, if the decree, should one be made in favor of complainant, is to be effective. Under such circumstances this court is frequently called upon to grant temporary injunctions, and does grant them.

3. It must be conceded that there is a great conflict in the authorities. The complainant claims that the restraining order will not affect the property of a national bank, but will prevent the receiver of the bank from removing beyond the jurisdiction of this court a trust fund in his hands which never belonged to the bank, but which does belong to complainant.

We quote from the brief of counsel:

" The only cases in point that we were able to find in the books are those of *American Can Co.* v. *Williams, Receiver,* the record in which is on file in this court, reported last in 153 Fed. 882, 82 C. C. A. 628, and *Capital Nat. Bank* v. *First Nat. Bank* (five cases), 172 U. S. 432 (19 Sup. Ct. 202). On granting an injunction in the first mentioned or on continuing the injunction granted in that case by the State court, Hazel, J., says:

" 'An injunction restraining the payment by the receiver of the Fredonia National Bank of the amount of plaintiff's claim, to the comptroller of the currency of the United States, is on consideraation of the question presented not thought contrary to the spirit of section 5234 U. S. Rev. Stat. [U. S. Comp. Stat. 1901, p. 3507].

A restraining order merely suspends payment by the receiver of the funds in the jurisdiction of the court until the action is terminated, and the plaintiff's right established. The question for determination at the trial of the action is whether the assets coming into the possession of the receiver at the time of his appointment, and when the bank suspended payment, were impressed with the trust mentioned in the complaint. A probable right of recovery is shown in the complaint, * * * and therefore, in view of the attitude of the defendant, or rather the comptroller of the currency, as shown by the correspondence set out, * * * I incline to the opinion that a case is presented for preserving the *status quo* during the pendency of the action.'

"And in affirming such action the court of appeals uses the following language:

"'It is within the discretion of the trial court to retain the property within its jurisdiction until the questions at issue can be determined. To permit the property to be removed from the jurisdiction of the court is, in effect, deciding "*in limine*" that complainant has no cause of action.'

"And again, in *Capital Nat. Bank* v. *First Nat. Bank, supra,* the Supreme Court of the United States says:

"'The decision did not purport to affect the assets of the bank, or attempt to direct the distribution thereof, or in any way to interfere with the disposition of the assets actually belonging to the bank; nor did it affect the receiver as receiver, or his appointment or authority under the banking act. As the trial court found that certain moneys held by the bank in trust for plaintiff had come into the receiver's hands, he was directed to return them, for he had no stronger title to the trust fund as against the plaintiff than the bank had.'"

This language appeals to us, and we are satisfied that funds which complainant claims belong to him, and not to the bank, should not be removed from the jurisdiction of the court until the question who is entitled to the fund can be determined.

The temporary restraining order will be granted as prayed.

OSTRANDER, C. J., and BIRD, HOOKER, and MC-ALVAY, JJ., concurred.