HANSMAN v IMLAY CITY STATE BANK

Docket No. 59873. Submitted July 12, 1982, at Lansing.—Decided November 17, 1982.

James M. Hansman, doing business as J. M. Hansman Excavating, and Synde A. Hansman filed a two-count complaint against Imlay City State Bank in Lapeer Circuit Court alleging wrongful dishonor of checks written by plaintiffs and conversion of plaintiffs' funds. James M. Hansman made a deposit into plaintiffs' checking account, informing defendant that the funds would be promptly disbursed to various individuals. The bank held several personal promissory notes executed by James M. Hansman and, contrary to a security agreement by which the promissory notes were secured exclusively by certain items of collateral, defendant, without notice to or permission of plaintiffs, withdrew a sum in excess of the amount deposited by plaintiff and applied the money to make payments on the outstanding loans. Defendant thereafter dishonored several checks written by plaintiff, who believed the money he deposited was available to cover the checks. Defendant filed two motions for summary judgment, asserting a right of setoff. The trial court, Norman A. Baguley, J., granted summary judgment in favor of defendant. Plaintiffs appeal. *Held:*

1. Plaintiffs' complaint stated two causes of action. The trial court improperly granted summary judgment for failure to state a claim upon which relief could be granted.

2. The trial court erred in finding that there were no genuine issues of fact. Summary judgment on the basis that there were no genuine issues of fact was improperly granted.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 5 Am Jur 2d, Appeal and Error § 853.
73 Am Jur 2d, Summary Judgment § 40.
[2] 10 Am Jur 2d, Banks § 567.
[3] 18 Am Jur 2d, Conversion § 1.
[5] 10 Am Jur 2d, Banks §§ 666, 674.
Post-Sniadach status of banker's right to set off bank's claim against depositor's funds. 65 ALR3d 1284.
[6] 10 Am Jur 2d, Banks §§ 666, 667.

1. APPEAL — SUMMARY JUDGMENTS — FAILURE TO STATE CLAIM —
   COURT RULES.

   The Court of Appeals, in reviewing a grant of summary judgment
   on the basis that the plaintiff failed to state a claim upon
   which relief could be granted, must consider only the com-
   plaint, accept as true all well-pled allegations in the complaint,
   and determine whether plaintiff's claims are so clearly unen-
   forceable as a matter of law that no factual development could
   possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. BANKS AND BANKING — BANKING ITEM — WRONGFUL DISHONOR —
   DAMAGES.

   A payor bank is liable to its customers for damages proximately
   caused by the wrongful dishonor of an item; an item is any
   instrument for the payment of money even though it is not
   negotiable, but does not include money (MCL 440.4104[g],
   440.4402; MSA 19.4104[g], 19.4402).

3. CONVERSION — WRONGFUL DOMINION.

   Any distinct act of dominion wrongfully exercised over another's
   personal property constitutes conversion, an intentional tort.

4. APPEAL — SUMMARY JUDGMENTS — NO GENUINE ISSUE OF FACT —
   COURT RULES.

   The Court of Appeals, in reviewing a grant of summary judgment
   on the basis that there was no genuine issue as to any material
   fact, must consider the pleadings, affidavits, and other materi-
   als supporting and opposing the summary judgment motion
   and give any reasonable doubt to the opposing party in order to
   determine whether there is any issue upon which reasonable
   minds might differ; courts are liberal in finding that a genuine
   issue does indeed exist (GCR 1963, 117.2[3]).

5. BANKS AND BANKING — RIGHT OF SETOFF.

   A bank has a right to use funds on deposit in a checking account
   as a setoff against matured obligations of the depositor.

6. BANKS AND BANKING — RIGHT OF SETOFF.

   A bank, in order to establish its right to set off a depositor's
   checking account funds against the depositor's matured indebt-
   edness to the bank, must show (1) that the funds used for the
   setoff were the property of the debtor, (2) that such funds were
   deposited in a general account without restriction as to the use
   therefore, (3) that the existing indebtedness was due and owing
   at the time of the setoff, and (4) that there was a mutuality of

obligation between the debtor depositor and his creditor bank as well as between the debt and the funds on deposit.

*Frank A. Antonelli,* for plaintiff.

*Morrice, Lengemann & Rickard, P.C.* (by *John Lengemann),* for defendant.

Before: ALLEN, P.J., and CYNAR and R. B. MAR-TIN,* JJ.

R. B. MARTIN, J. Plaintiffs filed a two-count complaint against defendant alleging a cause of action for wrongful dishonor in Count I and conversion of plaintiffs' funds in Count II. In support of Count I plaintiffs averred that they deposited $9,145.43 in their checking account on September 14 or 15, 1980, informing defendant that the funds would be promptly disbursed to various individuals. Plaintiffs did thereafter issue several checks against such funds which defendant dishonored. Plaintiffs contended they were damaged thereby.

In support of their claim for conversion in Count II, plaintiffs averred that plaintiff James Hansman had executed several personal promissory notes to defendant which, pursuant to a security agreement, were secured exclusively by certain items of collateral. Plaintiffs further contended that contrary to the security agreement and without notice to or permission of plaintiffs, defendant withdrew $9,190.19 from plaintiffs' checking account and applied the money to make payments on plaintiff James Hansman's outstanding loans.

Defendant bank thereafter filed two motions for summary judgment, one for failure to state a claim under GCR 1963, 117.2(1) and the other alleging that there was no issue of material fact

* Circuit judge, sitting on the Court of Appeals by assignment.

under GCR 1963, 117.2(3). Defendant contended that summary judgment was proper because, although it had taken money from plaintiffs' checking account, it had applied the money to matured obligations which plaintiff James Hansman owed defendant. Defendant argued that, in so doing, it was merely exercising its common-law right to setoff. Defendant asserted that its right to setoff had not been waived by the parties' security agreement. Therefore, defendant argued that plaintiffs could not, as a matter of law, state a cause of action for either wrongful dishonor or conversion. In addition, since plaintiffs admitted that plaintiff James Hansman's obligations to defendant were overdue, there was no genuine issue of material fact and defendant was entitled to judgment as a matter of law. The trial judge granted summary judgment, apparently under both GCR 1963, 117.2(1) and (3). Plaintiffs appeal as of right.

In reviewing a summary judgment granted under GCR 1963, 117.2(1) for failure to state a cause of action, this Court must consider only the complaint, must accept as true all well-pled allegations in the complaint, and must determine whether it is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery. *Ken Cowden Chevrolet, Inc v Corts,* 112 Mich App 570; 316 NW2d 259 (1982). Applying that standard in this case, we find that plaintiffs' complaint stated two causes of action.

Count I of plaintiffs' complaint alleged that defendant bank dishonored several checks when there were sufficient funds to cover such checks. Under the Uniform Commercial Code, a payor bank is liable to its customers for damages proximately caused by the wrongful dishonor of an item. MCL 440.4402; MSA 19.4402. Therefore,

plaintiffs' complaint stated a cause of action for wrongful dishonor. In addition, in Count II, plaintiffs alleged that defendant, unlawfully and without authority, withdrew plaintiffs' checking account funds and used such funds for its personal benefit to reduce the balances of James Hansman's outstanding obligations to the bank. Any distinct act of dominion wrongfully exercised over another's personal property constitutes conversion, an intentional tort. *Trail Clinic, PC v Bloch,* 114 Mich App 700; 319 NW2d 638 (1982). Thus, plaintiffs' complaint also stated a cause of action for conversion. We conclude that summary judgment under GCR 1963, 117.2(1) was improperly granted.

The trial judge also granted summary judgment under GCR 1963, 117.2(3) on the grounds that there was no genuine issue as to any material fact. Under that subrule, this Court must consider the pleadings, affidavits, and other materials supporting and opposing the summary judgment motion, giving any reasonable doubt to the opposing party, to determine whether there is any issue upon which reasonable minds might differ. *Braman v Bosworth,* 112 Mich App 518; 316 NW2d 255 (1982). Courts are liberal in finding that a genuine issue does indeed exist. *Braman, supra,* p 522.

Applying that standard in the present case we find that the trial judge properly concluded that certain facts were not in dispute. Plaintiff James Hansman had given defendant bank three notes which were overdue as of September 15, 1980. In addition, plaintiffs had a checking account with defendant bank for business purposes. Before September 14, 1980, there was money in that account. Then, on September 14 or 15, 1980, plaintiffs deposited $9,145.43 into that checking account. From September 15 through September 19, 1980,

plaintiffs issued several checks against the account. Defendant subsequently dishonored those checks on presentation. The dishonor occurred because defendant withdrew $9,190.19 from plaintiffs' checking account and added it to defendant's assets. Plaintiffs were not notified of the bank's action until sometime later.

In addition to those findings, we agree with the trial judge's finding that, as a matter of law, a bank has a right to use funds on deposit in a checking account as a setoff against matured obligations of the depositor. *White Truck Sales of Saginaw; Inc v Citizens Commercial & Savings Bank,* 348 Mich 110, 117; 82 NW2d 518 (1957). This common-law right has not been abrogated or superseded by Michigan's adoption of the Uniform Commercial Code. See MCL 440.1103; MSA 19.1103. In addition, we agree that in this case defendant's right to setoff was not waived by the parties' security agreement. The pertinent provision stated:

"Except as set forth above, this loan is unsecured, the bank hereby expressly waiving all other security therefore."

Although a bank may, by express agreement, waive its right to setoff (see 68 ALR3d 192, § 2, p 194), we hold, as a matter of law, that the language in question here did not constitute such a waiver. See *Olsen v Valley National Bank of Aurora,* 91 Ill App 2d 365; 234 NE2d 547 (1968). Rather, the language clearly referred to security interests in tangibles or such things perhaps as accounts receivable. Certainly where, as here, the security agreement was executed under normal business practices, the parties never considered that the waiver in question would include a waiver

of the common-law right of setoff that banks have against depositors who owe them money.

In spite of our conclusion that the trial judge correctly found there were no issues of fact with respect to the above findings, we do hold that the judge erred in finding there were no issues of fact in this case. Plaintiffs contended that defendant did not exercise its setoff right until four or five days after plaintiffs had deposited the funds and checks were issued, presented, and dishonored by the bank. Defendant never denied that allegation. If plaintiffs' assertion is true, plaintiffs had sufficient unattached funds to cover their checks when defendant dishonored them. Thus, the dishonor would have been improper under MCL 440.4402; MSA 19.4402, as discussed above, regardless of any setoff right. Therefore, a question of fact with respect to when the setoff occurred existed and the claim for wrongful dishonor should have been allowed to proceed to trial.

Moreover, we find that other factual questions existed. In order for defendant to establish its right to set off plaintiffs' checking account funds against plaintiff James Hansman's indebtedness to defendant, defendant must show the following conditions existed: (1) that the funds used for the setoff were the property of the debtor, (2) that such funds were deposited in a general account without restriction as to the use therefore, (3) that the existing indebtedness was due and owing at the time of the setoff, and (4) that there was a mutuality of obligation between the debtor James Hansman and his creditor defendant bank, as well as between the debt and the funds on deposit. See *Federal Deposit Ins Corp v Pioneer State Bank,* 155 NJ Super 381; 382 A2d 958 (1977), and 10 Am Jur 2d, Banks (1978 Cum Supp), § 666, p 114.

In this case, questions of fact existed with respect to the first two elements. Plaintiffs' complaint averred that at least part of the deposits used in the setoff were the property of Mrs. Hansman who was not an obligor on the notes in question. If that is true, that portion of the funds was not the "property of the debtor" and was not available to defendant for a setoff. (See Const 1963, art 10, § 1.) In addition, plaintiffs alleged that defendant was informed that the deposits were made for a particular purpose of which defendant bank was aware. If that is true, the deposited funds may have been restricted and thus not available as a setoff. Defendant has not responded to either of those allegations and the trial court did not address them. Finally, plaintiffs averred that all the loans had been renegotiated and were not due and owing as required by the third condition. Such issues must be resolved by the trier of fact and we therefore find that summary judgment under GCR 1963, 117.2(3) was improper.

We reverse the trial judge's order and remand for trial. We do not rule on the validity of some of the plaintiffs' claimed items of damages. We suggest that plaintiffs be allowed to amend their pleadings to give a more accurate representation of just what items of damages they are claiming.

Reversed and remanded.