BLAIR v TRAFCO PRODUCTS, INC

Docket No. 70187. Submitted April 11, 1984, at Lansing.—Decided
May 6, 1985.

Plaintiffs, David R. and Robert W. Blair, entered into a contract
with Trafco Products, Inc., under which Trafco was to construct
a commercial building for the plaintiffs. Plaintiffs made two
payments to Trafco, one of which, in the amount of $15,000,
was deposited in Trafco's general checking account at Michigan
National Bank-West Oakland. Trafco had previously obtained
business loans from the bank, which were secured by Trafco's
assets and by the personal guaranties of Trafco's owners,
Ronald L. and Brenda Trafton. When Trafco defaulted on the
loans, the bank exercised its right of setoff and seized the
money in Trafco's checking account, a total of $17,425.15.
Trafco ceased performance on the construction contract, leav-
ing the building only partially completed. Plaintiffs thereafter
brought an action against Trafco, the Traftons, and Michigan
National Bank-West Oakland seeking recovery of the $15,000
they had paid to Trafco, alleging that the $15,000 deposited in
Trafco's account was held by Trafco as a trustee pursuant to
the building contract fund act. The Oakland Circuit Court,
Frederick C. Ziem, J., entered a judgment of no cause of action
against plaintiffs, and plaintiffs appealed. *Held:*

1. The building contract fund act, MCL 570.151, creates a
trust of money paid on a building contract in favor of laborers,
subcontractors, materialmen and the person who pays for the
project. The contractor is the trustee. Therefore, the money
held in an account by a contractor as a trustee is not the
property of the contractor and is not subject to setoff by the
bank to satisfy the contractor's debt.

2. The bank's lack of knowledge of the true ownership of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur 2d, Banks §§ 339, 678.
[2] 10 Am Jur 2d, Banks §§ 445, 675.
[2, 3] Effect of UCC Article 9 upon conflict, as to funds in debtor's
bank account, between secured creditor and bank claiming right
of setoff. 3 ALR4th 998.
[3] 10 Am Jur 2d, Banks § 676.

funds is not a defense to the plaintiffs' action. Although a bank may exercise its right of setoff, it may not retain the money once it is established that the contractor-debtor was not the owner of the money.

3. The plaintiffs sufficiently identified the money they gave Trafco and traced it to the fund set off by the bank. Plaintiffs had a lien on the entire fund even though the trust fund may have been mingled with other funds.

Reversed and remanded.

1. BANKS AND BANKING — DEBTORS — SETOFF.

A requirement for the proper exercise of a bank's right to set off funds in the account of a bank debtor is that the funds set off must be the property of the debtor.

2. BANKS AND BANKING — BUILDING CONTRACT FUND — CONSTRUCTION CONTRACTORS — SETOFF.

A building contract fund paid to a building construction contractor is considered to be a trust fund for the benefit of the person making the payment, other contractors, laborers, subcontractors or materialmen and the contractor is considered to be the trustee; money so held in a bank account by a contractor-trustee is not property of the contractor subject to a setoff by the bank against debts owed the bank by the contractor (MCL 570.151; MSA 26.331).

3. BANKS AND BANKING — BUILDING CONTRACT FUND — CONSTRUCTION CONTRACTORS — SETOFF.

A bank's lack of knowledge of the true ownership of money in the account of a building contractor-debtor which the bank has set off against the debt is no defense to an action by the true owner to recover the money pursuant to the building contract fund act (MCL 570.151; MSA 26.331).

*Charles A. Grossmann,* for plaintiffs.

*Radner, Radner & Ross, P.C.* (by *Steven Paul Ross),* for defendant Michigan National Bank-West Oakland.

Before: BRONSON, P.J., and MACKENZIE and J. L. BANKS,* JJ.

MACKENZIE, J. Plaintiffs, David R. and Robert

* Circuit judge, sitting on the Court of Appeals by assignment.

W. Blair, doing business as Quality Tire Company, appeal as of right from a judgment of no cause of action entered against them on their complaint against defendant Michigan National Bank-West Oakland. Plaintiffs and defendant bank stipulated to the following facts.

On February 23, 1979, and March 26, 1979, defendant made business loans to Trafco Products, Inc., not a party on appeal, in an aggregate amount of $30,766. These loans were secured in part by all of Trafco's assets and by the personal guaranties of Trafco's owners, Ronald L. and Brenda Trafton. Also sometime in February, 1979, Trafco opened a general checking account with defendant in the name of "Trafco Products, Inc."; the account was not designated as a trust or other special account.

On November 13, 1979, plaintiffs entered into a contract with Trafco for the construction of a commercial building for plaintiffs by Trafco. The total amount to be paid by plaintiffs to Trafco under the contract was $36,300. Pursuant to this contract, plaintiffs drew a check for Trafco for $15,000, which check Trafco deposited in its account with defendant on November 13, 1979. On December 20, 1979, plaintiffs drew another check for Trafco for $10,000, which Trafco deposited in an account with another bank. Sometime thereafter, Trafco ceased performance of its construction contract with plaintiffs after having only partially performed, which partial construction work plaintiffs value at $10,000. Plaintiffs spent in excess of $15,000 after Trafco's default to complete construction of the building.

On November 15, 1979, defendant exercised its common-law right of setoff against Trafco's checking account with defendant after Trafco defaulted on the business loans. Defendant seized all the

money in Trafco's account, amounting to $17,425.15. Plaintiffs and defendant stipulated that Trafco used its accounts to cover not only plaintiffs' construction project but also other projects and matters personal to Trafco's principals and that Trafco used funds and accounts at more than one bank regarding plaintiffs' construction project.

Plaintiffs filed a complaint against defendant bank seeking recovery of the $15,000 they paid to Trafco. Plaintiffs argue that the $15,000 check deposited in Trafco's account represented trust money held by Trafco as a trustee pursuant to the building contract fund act, MCL 570.151 *et seq.;* MSA 26.331 *et seq.,* and consequently the $15,000 was not an asset of Trafco subject to setoff by defendant, Trafco's lender. Plaintiffs primarily rely on *Burtnett v The First Nat'l Bank of Corunna,* 38 Mich 630 (1878). Defendants argue, and the trial court agreed, that plaintiffs have no right to recover the $15,000 from defendant because no trust relationship existed between plaintiffs and defendant, relying on *Portage Aluminum Co v Kentwood Nat'l Bank,* 106 Mich App 290; 307 NW2d 761 (1981), *lv den* 413 Mich 922 (1982).

We agree with plaintiffs that defendant's and the circuit court's reliance on *Portage, supra,* was misplaced. The *Portage* case did not involve a setoff by the bank of money in its depositor's account. One requirement for proper exercise of a bank's right of setoff is that the funds set off be the property of the bank's debtor. *Hansman v Imlay City State Bank,* 121 Mich App 424, 430-431; 328 NW2d 653 (1982). Plaintiffs correctly cite *Burtnett, supra,* as precedent applicable to the case herein. In *Burtnett,* the bank had set off all the money in the account of its depositor-debtor, and the Supreme Court held that the bank was not entitled to retain that amount in the depositor's

account which could be identified as money being held by the depositor as trustee or agent and belonging in fact to the plaintiff beneficiary or principal, regardless of the bank's lack of knowledge of the true ownership of the money. While the *Burtnett* Court intimated that a different result might be warranted where the bank's depositor-debtor participates in and assents to the setoff, *Burtnett, supra,* p 635, there is no contention in this case that Trafco participated in and assented to defendant's setoff.

Section 1 of the building contract fund act provides as follows:

"In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, *for the benefit of the person making the payment,* contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes." MCL 570.151; MSA 26.331. (Emphasis added.).

To effectuate its purpose of protecting people from fraud and imposition in the building construction industry, the act creates a trust for the benefit of laborers, subcontractors or materialmen, as well as for the person who pays for the construction project. *People v Miller,* 78 Mich App 336; 259 NW2d 877 (1977). This Court in *People v Miller, supra,* found the criminal provisions of the act violated where the contractor received a downpayment check from a homeowner for construction of a swimming pool and, before even beginning work on the pool, used the money for a purpose other than construction of the pool. While the instant case differs from *People v Miller, supra,* in that no criminal liability is involved here, *People v Miller*

illustrates that the act serves to protect not only those hired by a general contractor to perform work or supply materials but also those who make payment to a general contractor.

It is noteworthy that it has been held, in the context of a bankrupt contractor, that money possessed by the contractor as trustee under the building contract fund act is not property of the contractor subject to appropriation by the bankruptcy trustee. *B F Farnell Co v Monahan,* 377 Mich 552; 141 NW2d 58 (1966); *Selby v Ford Motor Co,* 590 F2d 642 (CA 6, 1979). Also, a creditor having a perfected security interest in a contractor's accounts receivable has been held subordinate to the claims of subcontractors, laborers, or materialmen to trust funds under the act, except to the extent the latter were paid by money provided by the secured creditor. *Nat'l Bank of Detroit v Eames & Brown, Inc,* 396 Mich 611; 242 NW2d 412 (1976).

We conclude that money held in an account by a contractor as trustee pursuant to the act is not property of the contractor subject to setoff by the contractor's bank-lender. We do not find it fatal to plaintiff's claim that Trafco's account with defendant was not specially designated in any way. The act does not mandate any particular method of handling the trust funds, *People v Miller, supra,* p 345, and the *Burtnett* decision instructs that the bank's lack of knowledge as to the true ownership of the monies set off is not a defense, *Burtnett, supra,* p 635. While we agree with the statement in *Portage Aluminum Co, supra,* p 294, that banks have no duty to pry into the affairs of their depositors in order to protect third parties, we fail to find in this statement any justification for allowing a bank to retain monies set off which are later shown to constitute trust funds under the act. In

other words, we do not expect a bank to investigate the nature of monies held in its depositor-debtor's general account prior to exercising its right of setoff; however, should it subsequently be established that money set off belonged to another and was not the property of the bank's depositor-debtor, the bank is not entitled to retain it.

We hold that Trafco, pursuant to the act, held funds given it by plaintiffs merely as a trustee to the extent that plaintiffs' payments to Trafco exceeded the value of the partial construction work performed. While it is undisputed that plaintiffs paid Trafco a total of $25,000, the parties' stipulation of facts states only that plaintiffs allege the value of the work performed to be $10,000 and defendant has apparently not stipulated to the correctness of that figure. Hence, this is an issue to be resolved on remand.

We further hold that plaintiffs have sufficiently identified or traced, as required by *Burtnett, supra*, p 635, the $15,000 they gave to Trafco to the $17,425.15 set off by defendant bank two days after Trafco deposited the check. According to the parties' factual stipulations, Trafco's owners used the account for personal matters, thus raising the possibility that some of the money in the account when set off by defendant belonged to Trafco's owners, and some withdrawals from the account were made during the two days between Trafco's deposit of the check and defendant's setoff. Nevertheless, even where mingling of trust funds with other funds occurs, the *cestui que trust* has a lien upon the entire fund, and the law presumes that the trust fund was not paid out so long as an amount equal to the trust fund remained. *Sherwood v Central Michigan Savings Bank*, 103 Mich 109, 114-116; 61 NW 352 (1894); *Patek v Patek*, 166 Mich 443, 449-450; 131 NW 1103 (1911). Here,

the balance in Trafco's account from the date of deposit of the $15,000 to the date of defendant's setoff remained in excess of $15,000.

Defendant also points to the parties' stipulation that Trafco used its accounts for various construction projects, making it possible that some of the money in the account may be subject to trust fund claims by other Trafco customers or subcontractors, laborers, and materialmen on other projects. However, defendant merely raises the possibility of other trust fund claims, and it is equally possible that any money deposited by Trafco in the account from other projects constituted profit and not trust funds by way of Trafco's completion of those other projects and full payment to the subcontractors, laborers, and materialmen. See *People v Miller, supra,* p 345. Moreover, we fail to see how this argument improves defendant's position since, even if some money in the account is identifiable as trust funds belonging to someone other than plaintiffs, still as trust money it is not subject to setoff by the bank. Defendant did not make a motion objecting to plaintiffs' failure to join necessary parties, GCR 1963, 205; the only parties before this Court are plaintiffs and defendant, and plaintiffs have established a claim superior to defendant's right of setoff. The right of any other trust fund claimants to the money awarded plaintiffs could be protected by the court's including some provision in its final judgment, GCR 1963, 205.2(4).

Reversed and remanded for proceedings consistent with this opinion; no costs, an issue of public significance having been presented.