## SOUTHWEST NATIONAL BANK v. EVANS et al.

No. 12485—Opinion Filed Nov. 20, 1923.

Rehearing Denied Dec. 18, 1923.

**1. Banks and Banking — Banker's Lien on Deposit for Debt.**

The right of the plaintiff to exercise its banker's lien in the application of funds held by the bank to the payment of indebtedness owing by a depositor, presupposes: (a) That the fund deposited in the bank by the debtor was the property of the latter, (b) that the fund was deposited without restrictions and was not a special fund, and (c) an existing indebtedness then due and owing by the depositor to the bank.

**2. Same — Basis for Lien.**

The rule rests upon the principle that it would be inequitable to permit a depositor to carry an open account or funds in the bank which induces the bank to feel se-

cure in granting a certain line of credit, and then permit the debtor to apply the funds to a purpose other than the satisfaction of the indebtedness because the debtor had not expressly agreed to apply the same to the indebtedness owing to the bank.

**3. Same — Deposit Owned by Third Party — Notice to Bank.**

It would be equally inequitable to give effect to the banker's lien in applying the funds of a stranger placed in the bank by the depositor, in satisfaction of the indebtedness of the latter, when the bank had probable notice of the special character, and therefore did not induce the advancement of the credit to which they were applied or cause the bank to alter its relation with the debtor.

**4. Same — Issues — General Finding.**

If the previous business relation between a bank and depositor are such as to charge the bank with notice of probable agency or special ownership of the funds, the question becomes an issue of fact between the parties, and a general finding against the plaintiff is a finding in favor of the defendant on the question of agency or special ownership of the funds.

**5. Same — Judgment Against Bank — Affirmance.**

Record examined, and held to support judgment for defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Lincoln County; Edward Dewes Oldfield, Assigned Judge.

Action by Southwest National Bank against J. F. Evans et al., a copartnership, on check executed and delivered by the latter to a depositor of the plaintiff. Judgment for defendant. Plaintiff brings error. Affirmed.

A. M. Beets and Paul G. Darrough, for plaintiff in error.

Wilson, Tomerlin & Threlkeld and L. E. Griffin, for defendant in error.

Opinion by STEPHENSON, C. Witherspoon-Stribling Commission Company was heretofore engaged in the buying and selling of livestock on commission, and carried its account with the plaintiff bank. On June 10, 1919, one of the partners of the defendant company came to Oklahoma City where he engaged the brokerage company on commission to purchase a car of stock for them. The defendant and a member of the commission company entered into negotiations with a representative of the National Live Stock Commission Company for the purchase of

a car of cattle. The price was agreed on among the parties to the transaction. The defendant issued and delivered his check on the same date to Witherspoon-Stribling Commission Company for the purchase price of the cattle, including the commission of the brokerage company. The commission company, on the same date, by its bookkeeper, deposited the check with the plaintiff bank, which credited the same to the account of the brokerage company, and without notice to the latter charged its account with an overdraft and demand note then owing by the commission company to the plaintiff bank. Witherspoon-Stribling Commission Company, not having notice of the acts of plaintiff, issued its check drawn on the plaintiff bank and delivered same to the seller of the cattle on June 10th. On presentation of the check by the vendor to the plaintiff for payment it was refused on account of "insufficient funds" to the credit of the payor. The account of the commission company would have been sufficient to pay the check except for the existence of the overdraft and demand note. The senior member of the firm was out of the city on the day of the sale of the cattle. On his return, and the following day, having ascertained the manner in which the transaction was handled and anticipating the failure of the plaintiff to honor payment of the commission company's check given for the purchase price, on account of the existing overdraft, he notified the defendant by telephone to have his bank refuse payment of the check given to his firm for payment of the stock. On June 12th, Mr. Witherspoon went to the plaintiff bank and found that payment of his check to the seller of the cattle had been refused by the plaintiff. An officer of the plaintiff bank made inquiry about the refusal of payment of the defendant's check given to the commission company for the payment of the stock. Mr. Witherspoon advised the officer that the check against which the overdraft had been charged was given to his company by the defendant to pay for the cattle, and the funds were not the property of his company, and requested the plaintiff to honor the check by his company to the seller of the stock, which the plaintiff refused to do. A representative of the vendor later called on the defendant, who then paid for the cattle. Thereafter the plaintiff commenced its action against the defendant on the check given to the brokerage company for the payment of the stock on June 10th. The plaintiff alleged that it became the owner of the check in due course of business, for value and in good faith. At the close of the trial the plaintiff demurred to the defendant's evidence, which was overruled. The plaintiff then moved for judgment in its favor and against the defendants, which was overruled by the court, and judgment rendered against the plaintiff for the costs. The plaintiff has brought error for review of the rulings. With the evidence later quoted, the facts herein stated will be sufficient to pass on the questions presented for review. The plaintiff rests its right of recovery on the rule of law that allows a bank holding funds which are the property of a depositor placed to the account of the depositor without restrictions to apply same to the payment of any indebtedness then due and owing by the depositor to the bank. First State Bank of Ringling v. Hunt, 77 Okla. 4, 185 Pac. 1089. The right of the plaintiff to apply the fund in question to the payment of the brokerage company's indebtedness presupposes: (a) that the brokerage company caused the check to be deposited to its account without restrictions, (b) that the fund was the property of the depositor, and (c) a then existing indebtedness due and owing by the depositor to the bank. It would be an unsound rule of law that would permit a depositor to carry an open account or funds in a bank which induced the bank to feel secure in granting a certain line of credit to the customer, and then permit the debtor to apply the funds to purposes other than the satisfaction of the indebtedness, because depositor had not expressly agreed to apply the funds to the payment of the bank indebtedness. It would be equally unjust to permit a bank to apply the funds of a stranger placed in its bank by a depositor to the payment of the latter's indebtedness, when the bank had probable notice of the character of the funds, and the presence of such funds in the bank had not induced the advancement to the creditor to which fund was applied or caused the bank to alter its relation with the depositor. If the depositor caused funds to be placed to his credit in a bank, the property is presumed to be that of the depositor and is subject to the banker's lien, unless the banker has notice of such facts, as might put it on notice as to the probable character of the fund. The burden is on the depositor to show that the fund was deposited in the bank under such terms or circumstances as, constitute the same a special fund and not subject to be applied to the payment of his indebtedness then due and owing. Bank of Blackwell v. Deen, 9 Okla. 626, 60 Pac. 227. If the bank receives a deposit under such circumstances as to charge it with notice of the special nature of the funds, the general presumption does not arise in favor

of the bank, and the payor of the check will not be held to account to the bank on his refusal to pay the check because of the act of the bank in attempting to apply the same to the satisfaction of the payee's indebtedness. In the trial of the cause the vice-president and cashier of the plaintiff bank testified in part as follows:

"Q. At the time Witherspoon-Stribling Commission Company deposited these checks, you knew the character of their business, didn't you? You knew it was a commission business, didn't you? A. Yes, sir. Q. You knew they were engaged in the business of taking orders of cattle, going into the open market and buying cattle and filling those orders from cattle they thus bought, with a margin in it, didn't you? A. Yes. Q. You knew these two checks were given to them for the purchase price of cattle which they had gone into the market and bought for someone else, didn't you? A. No, sir. Q. You knew that would be the **character of their business, didn't you? A. Yes, sir.** They were speculators, too, however."

There is nothing in this transaction to distinguish it from the usual and ordinary transactions previously handled through the bank about which the witness testified. The evidence was sufficient to create an issue of fact between the parties as to the probable notice to the bank of the character of fund which the commission company deposited with the plaintiff bank. If the brokerage company had indorsed the check involved herein, and delivered same to the vendor, the question would not be here. After all, under the circumstances in this case, the depositing of the defendant's check in the bank and the immediate issuing of the commission company's check to the vendor of the cattle, was in substance the indorsement and delivery of the check involved herein to the seller. The transaction was handled through the plaintiff bank for the purpose of eliminating the brokerage company's commission from the check given by the defendant. All the parties involved in the sale of the stock knew that the check included a commission to the brokerage company for the purchase of the stock. The finding in favor of the defendant charges the plaintiff with knowledge of the agency between the defendant and the commission company, and with knowledge that the commission company received the check in the capacity of agent from the defendant to pay the indebtedness of the latter.

The nature of the brokerage company's business handled through the plaintiff bank was sufficient to charge the latter with notice that the brokerage company was at all times acting as agent either for the seller

or purchaser, or at least sufficient to create an issue of fact for submission to the jury. The presence of the fund in plaintiff's bank had not caused it to extend any part of the credit to which the fund was applied or caused it to alter its position with relation to the depositor. Therefore, when the commission company made known to the plaintiff that it was handling the fund as an agent, it was the duty of the bank to apply the fund to the purpose for which the principal had placed the same in the hands of the agent. The record brings the plaintiff within the foregoing rules: Forbes v. First National Bank of Enid, 21 Okla. 206, 95 Pac. 785; Shawnee Nat. Bank v. Wooten and Potts 24 Okla. 425, 103 Pac. 714; Fidelity & Deposit Co. of Maryland v. Rankin, 33 Okla. 7, 124 Pac. 71; Walters National Bank v. Bantock, 41 Okla. 153, 137 Pac. 717; Union Stock Yards Bank v. Gillespie, 137 U. S. 411, 34 L. Ed. 724; Cady v. South Omaha National Bank (Neb.) 65 N. W. 906, 68 N. W. 358; Van Allen v. Bank, 52 N. Y. 1: Burnett v. Bank, 38 Mich. 630; Davis v. Bank (Tex. Civ. App.) 29 S. W. 926: McLennan v. Farmers' Savings Bank (Iowa) 109 N. W. 291.

It is recommended that the judgment be in all matters affirmed.

By the Court: It is so ordered.