FIRST NATIONAL BANK & TRUST CO. v. OSAGE SUPPLY CO. et al.

*97 P. 2d 3.*

No. 28832.    Nov. 7, 1939.

Rehearing Denied Dec. 19, 1939.

J. C. Pinkerton and Hess Crossland, both of Tulsa, for plaintiff in error.

H. W. Conyers, of Tulsa, for defendant in error Hinderliter Tool Company.

DANNER, J. Defendant in error, Osage Supply Company, brought suit against Ritchey Drilling & Producing Corporation (hereinafter referred to as Ritchey Company), H. B. Mallette, and the plaintiff in error, the First National Bank & Trust Company of Tulsa, as defendants, for the recovery of a money judgment on contract against the two defendants first named and to restrain the defendant bank from paying out or otherwise disposing of $2,500 held by it in escrow under a contract between the defendant Ritchey Company and one C. M. Nye.

The defendant bank was also made garnishee in the action on account of the escrow deposit, and various other parties intervened seeking to establish liens upon such fund. In its answer in garnishment the bank asserted no claim or interest in the fund, asserting instead that it was a depository under the escrow agreement and was holding such fund subject to direction of the court. In its amended and supplemental answer the bank, as garnishee, alleged settlement of the controversy between the Ritchey Company and Nye, under which settlement the Ritchey Company became the owner of escrow deposit, thereby rendering such deposit subject to offset or

to a banker's lien inuring to the bank by reason of indebtedness owing it by the defendant Ritchey Company.

On the trial the court sustained the plaintiff's garnishment as a first and prior lien on the escrow deposit; allowing intervener, H. R. Duncan, a second lien, and adjudged the bank and other interveners to have third liens on a parity with each other. The fund was insufficient to satisfy, in full, all claims allowed.

Among the conditions of the contract, deposited in escrow in the bank, are the following:

"1. If the said C. M. Nye shall fail or neglect to furnish you with an affidavit within forty-five (45) days of this date, that all of the obligations which are itemized on Exhibit 'A' which is attached to these escrow instructions and made a part hereof have been paid in full, together with receipts to be furnished you evidencing such payment, then and in that event upon the expiration of said forty-five (45) day period you are instructed to deliver said funds in the sum of twenty-five hundred ($2500) dollars to Ritchey Drilling & Producing Corporation.

"2. If, on the other hand, the said C. M. Nye shall furnish and deliver to you within the time limit of forty-five (45) days from the execution of these instructions his affidavit that all of the obligations as shown on Exhibit 'A' hereto attached have been discharged and paid in full, together with receipts evidencing the same, then you are to retain said deposit of twenty-five hundred ($2,500) dollars in your possession for an additional period of fifteen (15) days, the same being sixty (60) days total from the date of the execution of this escrow agreement.

"4. In the event said C. M. Nye shall fail or neglect to furnish you each or either of said three affidavits together with said receipts within the respective periods of time hereinabove provided for, then you are to deliver said sum of twenty-five hundred ($2,500) dollars, good faith money and liquidated damages, to Ritchey Drilling and Producing Corporation at the conclusion of the respective period allowed."

Attached to and made a part of the escrow contract is a list of obligations of C. M. Nye together with the names of such creditors; the aggregate of such claims amounting to $4,187.50. The record shows that Nye defaulted in his part of the contract and that later by compromise or otherwise the $2,500 on deposit in the bank became the property of the Ritchey Company. It is the contention of the bank that when ownership of the fund became vested in the Ritchey Company, the $2,500 deposit became subject to set off against the indebtedness owing the bank by the Ritchey Company, under the banker's lien statute. Section 10969, O. S. 1931, 42 Okla. St. Ann. § 32.

We are unable to agree with this contention. In addition to the pleadings of the defendant, bank, filed in the case, O. F. Dickinson, the employee having charge of the escrow file of the bank, used as a witness for the plaintiff, testified that the fund was recognized by the bank as a trust deposit under the escrow contract. As an escrow deposit, or a deposit made for a special purpose, it was not subject to a lien of the bank or to be set off against the indebtedness of the Ritchey Company to the bank. Southwest National Bank v. Evans et al., 94 Okla. 185, 221 P. 53; First Nat. Bank of Leedy v. Seawell Lumber Co. et al., 135 Okla. 201, 274 P. 873; Fidelity Nat. Bank of Oklahoma City v. Copeland, 138 Okla. 19, 280 P. 273; First Nat. Bank of Ada v. Jackson, 140 Okla. 282, 283 P. 242, 68 A.L.R. 900.

It appears inescapable that the contract between the Ritchey Company and Nye, deposited with the bank along with the $2,500, contemplated payment from the fund of the claims of those set out in Exhibit "A" attached to and made a part of the contract. The deposit, under the contract, being burdened with the payment of amounts owing to the claimants named in the contract, who had furnished material and performed labor in furtherance of the transaction between the Ritchey Company and Nye, the parties to the contract were without authority, by rescission, compromise, or in any proceedings in which such claimants were not parties, to release or disburse such fund until the liabilities recognized in the contract were paid. Marion Machine, Foundry and Supply Co. et al. v. First Nat. Bank & Trust Co. et al., 177 Okla. 367, 58 P. 2d 900; Creeden, Adm'x, v. North, 160 Okla. 90, 15 P. 2d 991.

The plaintiff, Osage Supply Company, defendant in error, has filed no brief in support of the judgment sustaining its garnishment and fixing its claim as a prior lien on the $2,500 deposit in the bank. From an examination of the record we are of the opinion that the trial court erred in giving plaintiff's claim priority over interveners whose claims, like the plaintiff's, are based upon furnishing of material or performing labor in furthering the oil development operations of the Ritchey Company. The judgment is modified to the extent of fixing the claim of the plaintiff on a parity with the claims of interveners recognized in the escrow contract. Otherwise, the judgment is affirmed.

BAYLESS, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.