No. 88-528

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

VICTOR WERLHOF AVIATION INSURANCE,

        Plaintiff and Respondent,

   -vs-

RONALD GARLICK, d/b/a GARLICK HELICOPTERS,

        Defendant.

   -vs-

FARMERS STATE BANK, a Montana Banking corp.,

        Garnishee-Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Ravalli,
              The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:
     For Appellant:

         Jeffrey H. Langton, Hamilton, Montana

     For Respondent:

         Charles J. Tornabene; Patterson, Marsillo, Tornabene
         and Schuyler, Missoula, Montana

     For Amicus Curiae:

         George T. Bennett, Montana Bankers Assoc., Helena,
         Montana

Submitted on Briefs:  Jan. 12, 1989

Decided: April 6, 1989

Filed:

_____
                 Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The principal issue in this case is whether a bank, otherwise lawfully entitled to a setoff, may exercise its right of setoff against a depositor's account at the same moment it is presented with a writ of execution which seeks to levy on the same depositor's account. We uphold the right of the Bank to the setoff.

A second issue is whether a bank may set off a matured debt against a depositor's account when the debt is secured by collateral. Again, we hold that the Bank's right of setoff in this case is not barred by the presence of collateral.

A third issue is whether § 30-4-303, MCA, modifies the Bank's right of setoff. We hold that § 30-4-403 has no application in this case.

Farmers State Bank appeals from an order of the District Court, Fourth Judicial District, Ravalli County, which held that the Bank holds property of a depositor to which a judgment creditor of the depositor Victor Werlhof Aviation Insurance, had a right. The order forbade the Bank to transfer or otherwise dispose of the depositor's monies until the judgment creditor, Victor Werlhof Aviation Insurance, could commence and prosecute to judgment an action against the Bank for recovery of the monies which the District Court held were wrongfully set off by the Bank. The order is in the nature of an injunction and is thus appealable under Rule 1, M.R.App.P. We reverse the District Court and vacate the prohibitive order.

There is no dispute as to the evidentiary facts. Victor Werlhof Aviation Insurance first obtained a judgment against

Garlick Aviation on April 11, 1986 in Missoula County District Court for $10,391.46. The judgment was abstracted to Ravalli County District Court on May 19, 1986. That court issued a writ of execution on June 4, 1986 directed to appellant Farmers State Bank of Victor, Montana, against Garlick's account in the Bank. Garlick owed monies on a delinquent note to the Bank at the time of the execution of the first writ. The return of service of the June 4 execution indicated that Garlick's account held $3,276.97, but the Bank claimed a setoff against the monies for a delinquent note of $80,000.00 which Garlick had executed to the Bank in 1982.

On January 15, 1988, on behalf of Victor Werlhof Aviation Insurance, a second writ of execution was issued by the court. This writ was presented by the sheriff to the Bank in the same manner as the first writ. At the time the Bank received the writ, Garlick owed the Bank a monthly payment of $2,895.10 which was due as of January 1, 1988. The overdue payment was a monthly obligation in satisfaction of a debt underlying a contract for deed which had been assigned to the Bank in a separate bankruptcy by a party not involved in these proceedings. The Bank, when the judgment creditor's writ was presented, set off Garlick's checking account balance toward the January 1, 1988 overdue installment. Victor Werlhof Aviation Insurance then sought supplemental proceedings in aid of execution against the Bank. The District Court held against the Bank and it appealed to this Court.

1. May the Bank claim set off against a depositor's account at the moment it is presented with a writ of execution to be levied upon the account?

The basis of a bank's right to set off its depositor's accounts against matured debts owed by the depositor to the

bank was recently discussed by this Court in Bottrell, Reeve and Northern Line Layers, Inc. v. American Bank (f/k/a Western State Bank), Jim Beaton and Marty Derrig (No. 87-209, Decided April 5, 1989). There we said, citing Spratt v. Security Bank of Buffalo, Wyo. (Wyo. 1982), 654 P.2d 130, 135-136:

> We next reach appellant's claim that the bank's set-off should fail for lack of mutuality between appellee and Gail Fanning. Before going further, we need to discuss a bank's right to setoff against the general deposits in its possession. The bank's right of set-off to secure the payment of its depositor's indebtedness is a part of the law merchant and well established in commercial transactions. (Citing authority.) For a bank to establish a right to set off, three conditions must be met: "the fund to be setoff must be the property of the debtor, the fund must be deposited without restrictions, and the existing indebtedness must be due and owing." (Citing authority.) The bank's right to setoff does not arise until the time the depositor's indebtedness to the bank has matured. (Citing authority.) Addressing appellant's point, for set-off to be permissible, there must be mutuality of obligation between the debtor and his creditor, as well as between the debt and the fund on deposit. (Citing authority.) Debts to be used as set-offs must be due to and from the same persons in the same capacity. (Citing authority.)

The right of setoff is not limited exclusively to banks. Such right exists between any mutual debtors and creditors where the debts have matured and the parties mutually are debtors and creditors of and to each other. Thus, because setoff is a common law right, it exists independently of statutes, unless, of course, statutes affecting setoff have been enacted.

The banker's right to setoff is the common law equitable right of the bank to apply the general deposits of a depositor against the matured debts of the depositor. The

- 4 -

right grows out of the contractual debtor-creditor relationship created between the depositor and the bank at the time the account is opened, Security State Bank of Comanche, Okl. v. V. W. R. Johnston & Co. (1951), 204 Okla. 160, 228 P.2d 169; and it rests on the principle that it would be inequitable to permit the debtor-depositor to carry an open account that induces the bank to extend credit, and then allow the debtor to apply the funds to other purposes because he had not expressly agreed to apply them to the debt. Melson v. Bank of New Mexico (N.M. 1958), 332 P.2d 472; Southwest Nat'l Bank v. Evans (1923), 94 Okla. 185, 221 P. 53. It is a general rule that when a depositor is indebted to a bank, and the debts are mutual--that is, between the same parties and in the same right--the bank may apply the deposit, or such portion thereof as may be necessary, to a payment of the debt due it by the depositor, provided there is no express agreement to the contrary and the deposit is not specifically applicable to some other particular purpose. Security State Bank of Melrose, Minn. v. First Nat'l Bank of Ismay (1927), 78 Mont. 389, 254 P. 417. For a bank to establish the right to setoff, the fund to be set off must be owed by the Bank to the debtor, the fund must be deposited without restrictions, and the existing indebtedness must be due and owing. Federal Deposit Ins. Corp. v. Pioneer State Bank (1977), 155 N.J. Super 381, 382, 281 A.2d 958.

As to the writ of execution levied against the Bank on June 4, 1986, the District Court held that though the Bank was not entitled to a setoff, since Victor Werlhof did nothing further about it, Victor was barred by laches from recovery as to the proceeds of the first writ of execution. Victor Werlhof has not cross-appealed on this holding, and so

- 5 -

we do not concern ourselves with the result in the District Court as to the levy of the first execution writ.

As to the second writ of execution, it is undisputed that Garlick was delinquent under the contract for deed in not making the monthly payment of $2,895.10 due the Bank on January 1, 1988. On January 21, 1988, when presented by the sheriff with the second writ of execution, the Bank claimed a setoff of $1,697.41 from Garlick's checking account against the delinquent indebtedness. Victor Werlhof contends that since the Bank had taken no action to set off the account before the writ was presented, the checking account was subject to the writ from the moment of its issuance on January 15, 1988, and thus preceded any right of the Bank to setoff. The Bank, on the other hand, contends that its setoff occurred when the monthly payment was not made--at the moment the debt matured in other words.

Neither contention is correct. The Bank acquired a right to setoff when Garlick's payment became delinquent, but the Bank must take positive steps to accomplish the setoff. As to a would-be executing judgment creditor, the setoff is accomplished when the Bank takes positive steps to claim its right, by entering evidence of the setoff in its own records, and then possibly giving other written notice of its action. United States v. Citizens and Southern National Bank (5th Cir. 1976), 538 F.2d 1101, 1107, cert. denied 430 U.S. 945 (1977); Studley v. Boylston Bank (1913), 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313. Here the Bank recorded the setoff in its records on the date the writ was presented, executed a response to the sheriff claiming setoff, and later furnished an affidavit stating the facts of its claim of setoff. By those actions, the Bank accomplished its setoff.

The nature of the claim of a judgment creditor against a third party holding property of the judgment debtor provides

- 6 -

a further reason why the writ of execution does not take precedence over the right of setoff. A judgment creditor seeking attachment or execution of a judgment debtor's property in the possession of a third party stands in the shoes of the judgment debtor as far as the rights of the third party are concerned. Thus, it is stated in General Electric Credit Corporation v. Tarr (W.D. Pa. 1978), 457 F.Supp. 935, 938:

> The service of attachment execution has the effect of an equitable assignment of the thing attached. It puts the garnishee in the relation to the attaching creditor which he had sustained to his former creditor. He may make the same defense to the attachment by evidence of set off or of other equities that he might have made if sued by his original creditor.

Here the Bank could have asserted its right of setoff against any claim of Garlick to his checking account at the time of the presentation of the writ of execution. The judgment creditor, Victor Werlhof Aviation Insurance, had no greater right against the Bank than did Garlick at that time. Therefore, the writ did not take precedence over the right of setoff. We hold the setoff here could be asserted by the Bank at the time it was presented with the execution writ.

2. Was the Bank's right of setoff affected by the contract for deed for real property which secured Garlick's debt to the Bank?

Stated another way, we are asked to decide if the Bank must first exhaust its collateral before it can exercise setoff to recover a matured debt secured by the collateral.

In Montana, the "one-action rule" applying to notes secured by mortgages on real property, § 71-1-222, MCA, does not apply to contracts for deed. Glacier Campground v. Wild Rivers, Inc. (1978), 182 Mont. 389, 597 P.2d 689, 698.

The Bank's position as a creditor of Garlick appears to result from some "creative financing" prevalent in the early 1980's. The Bank held a first security position on the real property to secure two promissory notes totalling $392,560.00. The owner of the real property entered into a contract for deed with Garlick as buyer to deliver clear title upon payment by installments of $400,000.00. Later the owner became bankrupt, and the bankruptcy court segregated the contract for deed and assigned it to the Bank, with Garlick to keep up the payments and thus retire the promissory notes. Under the assignment, Bank has first claim to Garlick's payments, and it was the payment due January 1, 1988 that Garlick had not made. Under the contract for deed, if Garlick remained in breach of the contract for more than 30 days after notice, the Bank could accelerate the debt and "take all means to enforce and collect the same." Nothing in the law, however, requires the Bank under these circumstances to wait until the contract for deed was cancelled before it had a right of setoff on the contract debt. Garlick's January 1, 1988 payment was overdue, the debt had matured, and the Bank was not limited to or constrained by the contract terms. It could pursue any legal means to collect its debt, or any part of the debt that had matured. J. M. Hamilton Co. v. Battson (1935), 99 Mont. 583, 44 P.2d 1064. We hold under these circumstances that the Bank could resort to setoff even though other remedies lay open under the contract for deed.

3. Does § 30-4-303, MCA affect Bank's right of setoff?

Prominent among the conclusions of law adopted by the District Court was its determination that § 30-4-303, MCA "in the light of the facts" gave the writ of execution priority over the setoff rights of the Bank.

Section 30-4-303, MCA, provides:

(1) Any knowledge, notice or stop order received by, legal process served upon or set-off exercised by a payor bank, whether or not effective under other rules of law to terminate, suspend or modify the bank's right or duty to pay an item or to charge its customer's account for the item, comes too late to so terminate, suspend or modify such right or duty if the knowledge, notice, stop order or legal process is received or served and a reasonable time for the bank to act thereon expires or the setoff is exercised after the bank has done any of the following:

(a) accepted or certified the item;

(b) paid the item in cash;

(c) settled for the item without reserving a right to revoke the settlement and without having such right under statute, clearinghouse rule or agreement;

(d) completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith or otherwise has evidenced by examination of such indicated account and by action its decision to pay the item; or

(e) become accountable for the amount of the item under subsection (1)(d) of 30-4-213 and 30-4-302 dealing with the payor bank's responsibility for late return of items.

(2) Subject to the provisions of subsection (1) items may be accepted, paid, certified or charged to the indicated account of its customer in any order convenient to the bank.

It need only be said that the foregoing statute does not apply to the circumstances of this case. If we regard the writ of execution as an "item" (likely not), the Bank in no wise recognized the writ nor acted upon it so as to indicate a reversal of its action to accomplish a setoff. If the District Court felt that acceptance by the Bank of deposits from Garlick after the first attempted levy of a writ of

- 9 -

execution gave the Bank notice of the outstanding judgment against Garlick, still, as discussed above, the Bank had not lost its right to <u>accomplish</u> the second setoff as against a judgment creditor. We hold that § 30-4-303, MCA, is not applicable to the circumstances of this case.

Finally, we find no merit in two other contentions raised by Victor Werlhof on this appeal. We hold, as stated above, that the Bank's imputed knowledge of the outstanding judgment against Garlick did not affect the Bank's right of setoff in this case. We also hold that under the circumstances here, the Bank did not act against public policy in frustrating the attempted levies of execution, since it acted legally in accomplishing setoff.

The judgment and order of the District Court is reversed, and the prohibition against the Bank transferring or disposing of the funds sought to be executed upon is vacated.

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_L. C. Gulbrandson_

_William E. Hunter_

_R. C. McDonough_

_____
Justices