**William C. HALL and Margaret P. Hall, Appellants,**

v.

**DUNCAN SAVINGS & LOAN ASSOCIATION, with Resolution Trust Corporation as the Conservator, Appellee.**

**No. 74032.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 5, 1991.

Mark T. Koss, Oklahoma City, for appellants.

Jay B. Williams, Vanessa A. Orta, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Appellants, William and Margaret Hall (Halls), brought this action to recover approximately $22,000.00, which Appellee, Duncan Savings & Loan (S & L), setoff against obligations admittedly owed by Halls. The funds were in Individual Retirement Accounts (IRA) opened by Halls when they were indebted to S & L in the approximate amount of $158,000.00. The loans were secured by commercial and residential real property. There is no evidence the IRA was pledged in any way to secure the loans.

When Halls' loan payments were in arrears in an amount near that of the IRA, S & L sent Halls a letter stating:

> I am writing to notify you that as of this date, we are exercising our right to off set the amounts due on your mortgage accounts with the current balances in the IRA accounts referenced above.

The record does not reflect prior or additional notification of the setoff action. Halls did not complain of the setoff at the time it was effected. Five months later, Halls, in settlement of the amount then owing to S & L, and in lieu of foreclosure, conveyed title to the real property securing the loans to S & L.

After a nonjury trial, the trial court rendered judgment in favor of S & L, specifically finding "an absence of fraud, misrepresentation, duress, imposition, overreaching, coercion or compulsion on the part of" S & L. The trial court additionally found S & L's counterclaim on the promissory notes, which was conditional upon the success of Halls' action of the wrongful setoff, to be moot. Halls appeal from that judgment.

The single question on appeal is whether S & L could properly setoff against an IRA. We find it could not and reverse.

■ Halls argue both that the IRA was exempt under Oklahoma law from creditors' claims and that S & L was precluded from setoff against the IRA because of its status as a "trust". We find as a threshold determination that S & L had no authority to setoff, and need not reach the question of exemption.

■ The right of a bank, or similar financial institution, to setoff is a common law, equitable prejudgment remedy, which has been codified under 42 O.S.1981 § 32. This right to appropriate deposits to discharge a depositor's indebtedness, while referred to in statute as a lien, is in reality a right of setoff. *Kasparek v. Liberty National Bank*, 170 Okla. 207, 39 P.2d 127 (1935).

The longstanding test for appropriateness of setoff was stated in *Southwest National Bank v. Evans*, 94 Okla. 185, 221 P. 53 (1924), and presupposes:

> (a) That the fund deposited in the bank by the debtor was the property of the latter; (b) that the fund was deposited without restrictions and was not a special fund; and (c) an existing indebtedness then due and owing by the depositor to the bank.

Only the questions of whether the funds were deposited "without restriction" and were not a "special fund" are at issue here. If the deposit is a "special fund", there is not the mutuality of indebtedness between S & L and Halls to support setoff. *Ingram v. Liberty National Bank*, 533 P.2d 975 (Okla.1975).

The question of whether an IRA is a "special fund" appears not to have been decided in Oklahoma. It is a question which has arisen for the most part in the context of bankruptcy proceedings. Bankruptcy courts have uniformly found an IRA to be a trust under 26 U.S.C. § 408, found in the Internal Revenue Code, as amended.

In finding no requisite mutuality, the court in *In Re Gillett*, 55 B.R. 675 (Bkrtcy. S.D.Fla.1985), stated:

> ... IRAs are not debt obligations of the Bank owed to the Debtors but instead, obligations owed the Debtors by the

Bank, *as trustee*, for the debtors. Where a bank stands as trustee of an (IRA), it cannot setoff funds held in the (IRA) against debts owed to the bank by the account's beneficiary. (emphasis added).

S & L concedes it has no right to setoff against a trust fund, which is known to be a trust fund by the bank. *First National Bank and Trust Co. v. Osage Supply Co.*, 186 Okla. 259, 97 P.2d 3 (1940). However, S & L asserts an IRA is not really a "trust", notwithstanding the repeated reference as such in its own documentation establishing the IRA. We are not persuaded it may now renounce a relationship it demanded when it received the deposits, and as trustee of the IRA funds, it is precluded from asserting any claim in the trust which is antagonistic to the beneficiary. *In Re McDaniel*, 41 B.R. 132 (Bkrtcy.W.D.Tex.1984).

Although the IRA funds may be withdrawn upon demand, it is clear the accounts were established for the restricted purpose of providing for Halls' retirement, and were not "general deposits", as usually made in due course of business. *Ingram v. Liberty National Bank & Trust Co.*, 533 P.2d at 977.

■ S & L contends Halls either waived their rights under the IRA agreement or ratified the setoff. The record is devoid of documentation of either. Thus, waiver or ratification must be proved or inferred from Halls' actions. Failure to complain, or the subsequent conveyance of title to the real property securing the loans, is not sufficient.

■ Ratification or waiver must be voluntary, intentional and knowing. *Faulkenberry v. Kansas City Southern Ry. Co.*, 602 P.2d 203 (Okla.1979) (waiver); *In Re Johnson*, 518 F.2d 246 (10th Cir.1975) (Okla.—ratification of trustee's actions). The burden of proof is on the party invoking the bar. *Faulkenberry*, at 207. S & L has failed to establish Halls possessed the material facts necessary to form an intention to waive a known right, or to ratify the improper acts of S & L as trustee of Halls' IRA.

As a necessary result of the resolution by this Court of this appeal, S & L's counterclaim is no longer moot. Accordingly, the judgment of the trial court is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

HUNTER, C.J. and JONES, J. concur.