488 F.2d 776
 In the Matter of GOODSON STEEL CORPORATION, Bankrupt.
REPUBLIC NATIONAL BANK OF HOUSTON, Appellant,
v.
Myron M. SHEINFELD, Trustee for Goodson Steel Corporation,
Bankrupt, Appellee.
 No. 73-1920.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 28, 1974.
 
 Daniel S. Trachtenberg, Clarence Mayer, Houston, Tex., for appellant.
 Rey Stroube, Houston, Tex., for appellees.
 Before GODBOLD, DYER and GEE, Circuit Judges.
 DYER, Circuit Judge:
 
 
 1
 Republic National Bank of Houston appeals from an order of the district court, which, on a petition for review, affirmed an order of the Referee in bankruptcy directing the bank to turn over and deliver to the trustee in bankruptcy the sum of $5,160.19. This amount was on deposit with the bank in a Payroll Account of the bankrupt, Goodson Steel Corporation, and had been set off by the bank against Goodson's past due note. We reverse and remand for further consideration of the unresolved factual dispute concerning the priority in time of the presentation to the bank of the bankrupt's check for $1,935.00 vis-a-vis the bank's set off. We reverse and render as to the other funds set off by the bank.
 
 
 2
 Prior to the adjudication of Goodson as a bankrupt it conducted its banking affairs with Republic. The corporation maintained two accounts, one undesignated and the other designated "Payroll Account." On June 20, 1968, the Payroll Account showed a balance of $5,160.19. Sometime on the same date Goodson mailed its check to the bank in the amount of $1,935.00, drawn on the Payroll Account naming the bank as payee. The check was accompanied by a federal tax deposit form and was to be deposited in a treasury tax and loan account for withheld income and FICA taxes for the two week period of June 1 to June 15, 1968. Republic's records indicate that the check was processed on June 24, 1968, and stamped "Refer to maker" on the back. Republic retained possession of the check.
 
 
 3
 During this time Goodson was delinquent on a large promissory note due on June 5, 1968 and owed a substantial amount to the bank. After unsuccessful efforts to resolve this delinquency with Goodson, Republic, on June 22, 1968, exercised its right of set off against both the undesignated and the Payroll Accounts and applied the balances against the past due note. Consequently, Goodson's check for $1,935.00, drawn on the Payroll Account and processed on June 24, 1968, was not honored.
 
 
 4
 The trustee subsequently made application for, and the Referee issued, an order requiring Republic to show cause why it should not turn over to the trustee the sum of $1,935.00. After a hearing the Referee entered an order requiring Republic to turn over $5,160.19, the entire amount on deposit in the Payroll Account. Republic seasonably filed a petition for review which was, in due course, denied by the district court and this appeal was taken.
 
 
 5
 The thrust of Republic's appeal is that the Payroll Account was not a trust deposit or special account that deprived the bank of its set off rights and that in any event the relief granted extended beyond the scope of the pleadings and the evidence. The trustee responds that the Referee's finding of fact, that Republic knew that the Payroll Account was a special account because the only checks paid from it were payroll checks and checks drawn on it for payment of taxes, was not clearly erroneous. Further, the trustee contends that the Referee applied the proper legal standard in concluding that the Payroll Account was a trust deposit within the purview of 26 U.S.C.A. Sec. 7501(a) because the funds in it were withheld from Republic's employees to cover taxes.
 
 
 6
 The record supports the trustee's assertion that: multiple accounts were set up by Goodson at Republic; one such account was designated a Payroll Account; funds from this account were used to meet the payroll of the employees; funds from this account were used to pay withholding and FICA taxes; and in connection with the check drawn for payment of taxes, federal deposit tax forms were received by Republic from Goodson.
 
 
 7
 On the other side of the coin there was no evidence of a specific agreement, express or implied, by which the bank assumed the position of trustee of the funds in the Payroll Account. Republic could not have dishonored a check drawn on this account merely because the check was for a purpose other than to pay an employee or to pay taxes. For aught that appears in the record, the total funds in the Payroll Account could have been withdrawn by Goodson at any time for any purpose. As long as this account had a credit balance Goodson could use the funds in its regular course of business exactly the same as it did with other checking accounts.
 
 
 8
 First we consider whether the designation Payroll Account and the circumstances under which it was used were sufficient to restrict its balance and thus prevent it from being used as a set off. In making this determination we start with the premise that "In the turnover proceedings the Trustee carries the burden of proof to prove his case by clear and convincing evidence. Maggio v. Zeitz, 333 U.S. 56, 64, 68 S.Ct. 401, 92 L.Ed. 476 (1948); Oriel v. Russell, 278 U.S. 358, 362, 49 S.Ct. 173, 73 L.Ed. 419 (1928); Barry v. Crancer, 192 F.2d 939 (8 Cir. 1952)", First National Bank of Clinton v. Julian, 8 Cir. 1967, 383 F.2d 329, 333, and that the issue to be decided is a matter of federal law, "with an interested eye" toward the Texas decisions. See In re A. M. Townson & Co., 3 Cir. 1960, 283 F.2d 449, 452.
 
 
 9
 The law of Texas with respect to general and special deposits was clearly explicated in Hudnall v. Tyler Bank & Trust Co., 1970, 458 S.W.2d 183, in which the Supreme Court of Texas said:
 
 
 10
 Neither the Texas Banking Code of 1943, the Uniform Commercial Code, nor other Texas statute appears to treat the subject of general and special deposits in banks. Certain rules of law, however, have long been established:
 
 
 11
 When money or its equivalent is deposited in a bank without any special agreement, the law implies that it is to be mingled with the other funds of the bank, the relation of debtor and creditor is created between the bank and the depositor, and the deposit is general. In such a transaction the bank becomes the owner of the fund. When, on the other hand, money or its equivalent is so deposited with an accompanying agreement that the identical thing deposited shall be returned, or that the same shall be paid out for a specific purpose, the relation thus created is not that of debtor and creditor. Such a transaction is a special deposit, and the bank is liable only as bailee. In such a case the fund is a trust fund, the bank acquires no title thereto, and is a mere trustee for the safe-keeping, return, or disbursement of the fund, according to the special contract by which the deposit is made. McBride v. American Ry. & Lighting Co., 60 Tex.Civ.App. 226, 127 S.W. 229 (1910, no writ).
 
 
 12
 We also approve the principle stated in the court of civil appeals' opinion that where a depositor gives the bank the right to commingle his deposit with other funds owned by the bank, he creates only a general deposit whose funds the bank is authorized to use and disburse as it sees fit. (footnotes omitted)
 
 
 13
 Id. at 186.
 
 
 14
 The federal courts have long been in agreement with this principle. "The presumption is that deposits of money in a bank give rise to the relation of debtor and creditor, and not to one of trustee and beneficiary * * *" In re Kountze Brothers, 2 Cir. 1939, 104 F.2d 157. More recently Chief Judge Brown, on analogous facts, aptly put it this way:
 
 
 15
 The special payroll account was special in name only. It was not a trust or similar individualized account. Segregation under that label was for the Bankrupt's convenience only and the funds were subject to its unlimited dominion.
 
 
 16
 Ribaudo v. Citizens National Bank of Orlando, 5 Cir. 1958, 261 F.2d 929.
 
 
 17
 As a matter of law on uncontested facts the account here under consideration was a general checking account with no restrictions placed upon it. There was no agreement that the account was to be kept separate and isolated from the other checking accounts in Republic.
 
 
 18
 That is, the Bank did not and was not under any obligation to hold the money separate and apart from its other funds and to refrain from using the funds in its business. This type of reserve [payroll] account constitutes a general deposit for a special purpose which creates a general deposit that the Bank may use in its regular business operations, the Bank becoming a debtor in the amount of the deposit.
 
 
 19
 First National Bank of Clinton v. Julian, supra, 383 F.2d at 337.
 
 
 20
 The common law right of set off and its express recognition in the Bankruptcy Act is undisputed. New York County National Bank v. Massey, 1904, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380. Equally, so is the bank's right to exercise that right of set off within four months of the bankruptcy and it may do so even before the adjudication in bankruptcy. Continental and Commercial Trust and Savings Bank v. Chicago Title and Trust Co., 1913, 229 U.S. 435, 33 S.Ct. 829, 57 L.Ed. 1268, 11 U.S.C.A. Sec. 108.[1] The finding of the district court that Goodson's Payroll Account was a special account was clearly erroneous.
 
 
 21
 The trusted alternatively argues that since one of the uses to which Goodson Steel put its Payroll Account was to deposit funds for taxes that it was required to collect and withhold in compliance with 26 U.S.C.A. Sec. 7501,[2] the Referee correctly held that a turnover of the full amount of $5,160.19 should be sustained because the deposits made by Goodson to its Payroll Account were trust funds to cover taxes withheld from the bankrupt's employees. And this is so, argues the trustee, even though the funds for paying taxes were only a fractional part of the Payroll Account because "it would be impossible to identify each individual dollar deposited as a tax dollar collected and withheld."
 
 
 22
 It is unnecessary to belabor the well established principle that once withholding and FICA taxes are collected they become a trust fund in the hands of the employer. But the record discloses that neither party suggested, contended nor introduced any evidence before the Referee to show that the funds deposited in the Payroll Account were withheld tax funds and thus not subject to set-off by the bank. This legal theory first appeared in the Referee's Memorandum after the hearing in which he concluded, "In still another context the funds in the payroll account are trust funds. Once these funds in the payroll account were segregated from the bankrupt's general funds, 26 U.S.C.A. Sec. 7501(a) made them trust funds to the extent necessary to cover the taxes withheld from bankrupt's employees." In denying the petition for review the district court enlarged upon the Referee's conclusion by saying, "Further, to the extent those deposits in the payroll account represented withholding from employees' salaries, they are presumed to be a special fund in trust for the United States, 26 U.S.C.A. Sec. 7501(a)." We are unwilling to indulge in such a presumption.
 
 
 23
 Even if funds deposited in a general account can be identified as trust funds, another critical inquiry is whether the bank became the transferee of such trust funds with notice of their character. Chapter 9 of the Restatement, "Liabilities of Third Persons" Sec. 324(i) succinctly states the rule as follows:
 
 
 24
 i Set-off of the trustee's personal indebtedness to the bank. If a bank in which trust funds have been deposited has notice that funds deposited are trust funds it cannot set off against the liability on the deposit a debt owing to it from the trustee personally.
 
 
 25
 For the trustee to prevail on the trust fund concept he had the burden to show that the funds deposited by Goodson were withheld tax funds and that Republic had notice that this was so. There is no proof of either requirement.
 
 
 26
 We conclude that Goodson's Payroll Account was neither a special account nor impressed with a trust, and Republic was therefore entitled to set off the balance of $5,160.19 in it unless Goodson's check for $1,935.00 was presented for payment before the set off took place. Unfortunately, the Referee, believing this issue to be immaterial, made no finding on this issue. We must therefore remand the case for a determination by the fact finder whether Republic's set off of the total amount in the Payroll Account occurred before the $1,935.19 check of Goodson was presented for payment.
 
 
 27
 Republic is clearly entitled to a set off of $3,225.19, the balance of the Payroll Account. The judgment of the district court is reversed and judgment for this amount is rendered in favor of Republic. If Goodson's check for $1,935.00 was presented before Republic's set off, the trustee is entitled to prevail for this amount. If the set off by Republic occurred prior to presentment of Goodson's check, Republic must prevail as to the $1,935.00.
 
 
 28
 Reversed and remanded, in part, reversed and rendered in part.
 
 
 
 [1]
 Section 68a of the Bankruptcy Act, 11 U.S. C.A. Sec. 108, provides:
 In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.
 
 
 [2]
 Section 7501 provides that "Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States the amount of tax as collected or withheld shall be held to be a special fund in trust for the United States