[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STAY BANK EXECUTION AND/OR DISSOLVE EX PARTE ORDER
CT Page 12037
The defendant, Essex Leasing, Inc., has filed a Motion to Stay Bank Execution and/or Dissolve Ex Parte Order purportedly "on behalf of" various Towns to whom it, apparently, owes monies for taxes. The plaintiff has objected to the aforementioned Motion on the grounds that the bank account on which it has executed was not exempt from execution merely because the defendant intended to use the funds contained therein to make tax payments to various towns.
On February 23, 1993 the plaintiff secured a default judgment against the defendant in the Supreme Court of the State of New York. The plaintiff then commenced this action in order to enforce the New York judgment and obtained a default judgment on June 29, 1993. The plaintiff then sought to enforce the judgment in this action by executing on certain bank accounts of the defendant. On July 28, 1993 an execution was duly served on Shawmut Bank Connecticut, N.A. ("Shawmut") at the plaintiff's direction. At that time Shawmut put a hold on certain assets of the defendant which were on deposit at Shawmut in the name of Essex Leasing, Inc.
The defendant seeks to dissolve or stay the bank execution because it claims that the account on which the plaintiff seeks to execute consists of "fiduciary funds for the benefit of individual lessees and the respective town where they reside and their vehicles are registered and not funds belonging to the said Essex Leasing, Inc. and subject to execution." The affidavit of the Vice President of Essex Leasing, Inc., which was submitted in support of the defendant's Motion to Stay or Dissolve states as follows: that Essex Leasing, Inc. (Essex) is in the business of leasing automobiles; pursuant to the terms and conditions of the lease agreement with individual lessees, the lessees are obligated to pay to Essex all sales and property taxes levied against the automobiles by the state and local governments; Essex receives individual property tax bills from the various local towns where the vehicles are registered and remits these bills to the individual lessees; Essex maintains a separate bank account entitled "Essex Leasing Sales Tax Fund" where all property taxes from individual lessees are deposited; on August 10, 1993 Essex was advised by Shawmut that it had received a bank execution in the amount of $70,460.73 and had put a hold on the funds in the Essex Sales Tax Fund account.
The defendant has failed to cite any law in support of its CT Page 12038 position that the account in question should be exempt from execution. However, it seems to be claiming that the account in question is a "special purpose" account, which is generally not available for set-off by a bank which is a creditor of the owner of the account. Rosa v. Colonial Bank, 207 Conn. 483, 542 A.2d 1112
(1988). The rights of a creditor bank to set-off are, arguably, more circumscribed than the rights of a third party to execute on a bank account because of agreements the bank may have made with its depositor concerning the use of the funds in an account. Therefore, where a bank is permitted to exercise its rights of set-off against an account, it is clear that a third party creditor should have the same, if not greater, rights to execute on an account.
The Court in Rosa v. Colonial Bank, supra, stated:
 "A special purpose account [however,] is generally one over which the depositor has only limited dominion and control. The deposit is usually made with special restrictions or limitations agreed upon between the bank and depositor. Accounts specially designated for the depositor's accounting purposes, such as separate `Payroll Account,' or deposits the depositor plans to use for a special purpose will not be considered special accounts for the purposes of set-off, even if the bank knows of the intended special use, if the depositor retains unlimited dominion over the account." J. TeSelle, supra, 46; accord In re Goodson Steel Corporation, 488 F.2d 776 (5th Cir. 1974); Ribaudo v. Citizens National Bank, 261 F.2d 929 (5th Cir. 1958); United States v. Tri-County Bank, 415 F. Sup. 858 (D.S.D. 1976).
207 Conn. at 494.
The signature authorization cards obtained by Shawmut from the defendant for the account in question indicate that the account is in the name of Essex Leasing, Inc. and that Shawmut "will also honor any check, draft or order for payment from the account provided it is signed by [one of the people authorized by Essex to sign]." From the foregoing it appears that Essex had unlimited dominion over the account and could have used the entire account for any purpose. Therefore, notwithstanding that Essex had intended the account to be for a special use, the account was not a "special purpose account" and not exempt from the plaintiff's execution. For the reasons set forth above, the Motion to Stay CT Page 12039 and/or Dissolve the Execution is hereby denied.
By the Court,
Aurigemma, J.