[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR EXEMPTION (#367)
ISSUES
This motion raises three legal issues. The principal issue is whether the bank account #026697 at The Putnam Trust Company of Greenwich now known, as the Bank of New York is a "special purpose account" which is exempt from execution. The other two claims for exemption from execution are: (1) Does the Florida dissolution decree between the two defendants exempt this bank account from execution and (2) Does Sheldon Beren's Florida bankruptcy order exempt this bank account from execution.
FACTS
After consideration of multiple days of evidence and the three filed briefs, the court finds the following facts:
On May 2, 2000 the intervening defendant, Elaine Schur Berens, filed a Motion for Exemption from property execution pursuant to Conn. General Statutes § 52-367b. The plaintiff, Muriel Stein, sought execution against a bank account at the Bank of New York successor in interest to The Putnam Trust Company of Greenwich pursuant to a $603,243 judgment in favor of the plaintiff, Muriel Stein, against the defendant, Sheldon Berens. This judgment was based on a verdict rendered by a Connecticut jury on November 2, 2000. Pleading #374.50, Exhibit R. This judgment was only against the individual defendant, Sheldon Berens. The funds in the bank account against which the execution was being sought had been on deposit with The Putnam Trust Company of Greenwich for a number of years. The approximate balance in this bank account is $170,000. There are no other executions pending by Muriel Stein against Sheldon Berens. There are no other executions pending against this bank account.
Muriel Stein commenced this suit against her brother, Sheldon Berens, based on a $150,525 unsecured promissory note. Exhibit S. The note was CT Page 15629-b dated September 24, 1992 and was due on demand. The note provided for interest and attorney's fees.
At the time of the signing of the note, the defendant, Sheldon Berens, was married to the intervening defendant, Elaine Schur Berens. They jointly owned the real property at 72 Sherwood Avenue in Greenwich, Connecticut. Elaine Schur Berens commenced a dissolution action returnable July 19, 1994 against Sheldon Berens in the Superior Court, judicial district of Stamford/Norwalk and filed a lis pendens against this real property on June 30, 1994. Exhibit A. Both defendants were represented by separate counsel in the Connecticut dissolution action. During the pendency of the Connecticut dissolution, 72 Sherwood Avenue was sold. The net proceeds, after the payment of outstanding mortgages, liens, closing costs, etc., was $805,868.87. Exhibit C. The parties agreed at the sale that the defendant, Elaine Schur Berens, would release her lis pendens in consideration of the total of $805,868.87 being placed on deposit with The Putnam Trust Company of Greenwich. The sale closed and $805,868.87 was deposited with The Putnam Trust on July 20, 1994 in account number 9254335. The lis pendens was released on July 18, 1994. Exhibit B. The $805,868.87 was paid by a check drawn on Cummings 
Lockwood escrow account on July 20, 1994. This check was payable to both defendants. Exhibit C. The $805,868.87 was used to purchase U.S. 90 day Treasury Bills due October 20, 1994 and the Bills were to be rolled over "to 90 day Bills until further notice." Exhibit D.
The three signatures on this Putnam Trust account were Wayne Effron, Trustee, the dissolution attorney of record for Elaine Schur Berens, Sheldon L. Berens individually, and Elaine J. Schur Berens, individually. The deposit agreement with The Putnam Trust was signed by all three and required all three signatures for the withdrawal of any funds. The deposit agreement is a three page preprinted Putnam Trust Company form. This agreement is entitled "SAFEKEEPING ACCOUNT AGREEMENT" and is dated July 20, 1994. Exhibit E. There is a blank section on the deposit agreement, entitled "Special Instructions," which contains the following manuscripted addition to the preprinted form: "All 3 signatures required on all instructions relative to this account and any withdrawals. Non-assignable." Except for this language, the date, the names and addresses of the three signatories and their signatures, all other language in Exhibit E is preprinted.
On August 23, 1994 Wayne Effron Trustee was removed by agreement of all the parties as a signatory leaving Sheldon L. Berens and Elaine J. Schur Berens as the only two signatories. Both of these two signatures were required for any withdrawals. Exhibit F. No additional provisions or limitations were contained in Exhibit F. Exhibit F is manuscripted. It CT Page 15629-c states in the last paragraph: "In all other respects, the provisions of the Safekeeping Account Agreement dated July 20, 1994 shall remain in full force and effect." No other changes or modifications were made to the deposit agreement.
Muriel Stein commenced this instant lawsuit by a complaint dated September 29, 1994 seeking money damages on the $150,525 promissory note against Sheldon Berens only. Exhibit G. The suit was returnable to the Superior Court, J.D. Stamford/Norwalk on November 29, 1994. A prejudgment remedy application was filed by the plaintiff and a temporary order was obtained from the court (Lewis, J.,) dated October 4, 1994 enjoining the defendant Sheldon Berens "from transferring, selling hypothecating, or otherwise disposing of his interest in the $805,000 in treasury bills held in escrow at the Putnam Trust Company, 10 Mason St., Greenwich, until further court order." The PJR hearing was held on October 17, 1994 before the court (Mottolese, J.). A transcript of this October 17, 1994 hearing was prepared. Exhibit H. Judge Mottolese ordered a $170,000 attachment in favor of the plaintiff, Muriel Stein, against Sheldon Berens. The order of attachment signed October 17, 1994 stated: "to secure the sum of $170,000: to attach sufficient property of the defendant, Sheldon Berens, to secure such sum, said property being $805,000 in treasury bills held in escrow at The Putnam Trust Company, 10 Mason Street, Greenwich, Connecticut." Exhibit I. There was no appeal or modification of this PJR.
On November 21, 1994 Elaine Schur Berens moved to intervene as a party defendant in this lawsuit. Her motion was granted on January 3, 1995 and she appeared by counsel of record. A jury verdict was rendered in favor of the plaintiff on November 2, 2000 against Sheldon Berens. The later judgment of January 15, 2000 included the unpaid principal of the note in the amount of $150,000, accrued interest, attorney fees, CUTPA punitive damages and offer of judgment interest. Pleading #374.50. At the time of Elaine Schur Berens intervention, The Putnam Trust account had been reduced to $170,000. This judgment was for $603,243. The account number was changed to #026697.
Neither Sheldon L. Berens nor Elaine J. Schur Berens prosecuted the Connecticut dissolution action. A JDNO notice of dismissal was filed, dismissing the Connecticut dissolution suit on June 23. 1995. "Please be advised that this court entered a judgment of dismissal in the above entitled action on 06/16/95 for failure to prosecute said action with reasonable diligence (PB251)." Exhibit M. This dismissal was not reopened or appealed. No further dissolution actions or dissolution judgments were filed by either defendant in Connecticut. CT Page 15629-d
The intervening defendant, Elaine J. Berens, filed a Petition for Dissolution of Marriage in Florida against Sheldon L. Berens in December 1998. A judgment in that action was entered in Florida based upon a December 10, 1998 Marital Settlement Agreement. Exhibit J. The five page Marital Settlement Agreement was signed by both defendants. Neither party was represented by counsel. Based upon this Marital Settlement Agreement, Florida entered a two-page decree dissolving the marriage of the defendants on January 27, 1999. Exhibit J. Pursuant to paragraph 4 of the Marital Settlement Agreement, Sheldon L. Berens agreed to pay Elaine J. Berens $170,000. "The parties agree that the Husband will pay lump sum alimony to the Wife in the amount of $170,000 by 1/1/99 from proceeds of Putnam Trust Co. of Greenwich, Conn. Custody Account #026697." This lump sum alimony order and the settlement agreement were incorporated into the Florida decree. Exhibit J.
Prior to the commencement of the Florida dissolution action, the defendant, Sheldon Berens, aka Sheldon Lee Berens filed an application in Florida under Chapter 13 of the United States Bankruptcy Code, Case No. 98-01918 BKC-RAM. This filing took place on February 6, 1998. It was converted to a Chapter 7 filing on December 16, 1998. Elaine Schur Berens filed a claim against Sheldon Lee Berens in this bankruptcy proceeding. Her proof of claim was dated April 15, 1999. The Basis for Claim section stated: "Lump Sum Alimony Lien." Exhibit K. The following language was added to this proof of claim form by Elaine Schur Berens under the Secured Claim section; "Other T-bills in Putnam Trust Custodial Account #026697, Value of Collateral $170,000." This proof of claim form also stated under the "Unsecured Priority Claim Section: "Amount entitled to priority $170,000" and "Alimony maintenance or support owed to a spouse, former spouse or child 11 U.S.C. § 507 (a) (7)." During the pendency of this bankruptcy proceeding one-half of the interest earned on the $170,000 was ordered to be paid to Elaine Schur Berens. Exhibit L.
The bankruptcy matter was disposed of by fourteen page order signed by Robert A. Mark, Chief U.S. Bankruptcy Judge, Case No. 98-01918-BKC-RAM on January 23, 2001. Exhibit L. This order did not dispose of the $170,000 and stated: "This Court will not enter any Orders that affect the Order Granting Attachment entered in the Connecticut State Court Case. Unless and until that attachment is dissolved, the funds in the Putnam Account are subject solely to the jurisdiction of the court in the Connecticut State Court Case." This order further stated: "The $170,000 on deposit as of the Filing Date was and still is subject to the Order Granting Attachment in the Connecticut State Court Case." "These funds are presently subject to attachment under the Order Granting Attachment entered in the Connecticut State Court litigation presently pending by Stein against Sheldon Berens, Case No. CV94-0141249 S (the Connecticut CT Page 15629-e State Court Case.)" Exhibit L. This instant lawsuit is that "Connecticut State Court Case." The PJR order of this court has remained in effect from October 12, 1994 and is currently in effect.
DISCUSSION OF LAW
At all times the net proceeds from the sale of the real property at 72 Sherwood Avenue, Greenwich, Connecticut were on deposit at The Putnam Trust Company of Greenwich, a Connecticut banking institution. The Putnam Trust merged with and changed its name to the Bank of New York. No changes were made to this account as a result of the merger. General Statutes § 36a-290 reads:
 "When a deposit account has been established at any bank, or shared account has been established in any Connecticut credit union or federal credit union, in the names of two or more natural persons under such terms as to be paid to anyone of them, or to the survivor or survivors of them, such account is deemed a joint account in any part or all of the balance of such account, including any or all subsequent deposits or additions made thereto, may be paid to such persons during the lifetime of all of them or to the survivor or any of the survivors of such persons after the death of one or more of them. Any such payment constitute a valid and sufficient release and discharge of such bank, Connecticut credit union or federal credit union, or its successors, or to all payments so made."
The intervening defendant, Elaine Schur Berens, is claiming that this bank account set up at The Putnam Trust was a "special or limited purpose account" and therefore is exempt from execution. The exemption application cites: C.G.S. § 52-356c in support of that claim as well as Masotti v. Bristol Savings, 43 Conn. Sup. 360 (1994), 232 Conn. 172
(1995) and Fleet Bank of Connecticut N.A. v. Carrillo, 240 Conn. 343
(1997). Both of these cases cite General Statutes § 36a-290 (formerly General Statutes § 36-3). She claims these authorities support her position that the deposit agreement requiring two signatures and/or three signatures makes it a special account" and therefore the account is exempt from execution. She further cites Normand Josef Enterprises, Inc.v. Connecticut National Bank, 230 Conn. 486 (1994).
The plaintiff argues that the signature requirement alone is not sufficient to create a "special purpose account." She claims that the CT Page 15629-f cited cases do not stand for the proposition that a requirement of multiple signatures qualifies it as "special purpose account." The plaintiff argues that this account was merely set up as a joint account. The plain language of General Statutes § 36a-290 controls. It is not a special purpose account." The plaintiff argues that the exemption motion must be denied and the funds on deposit in the account must be paid to the plaintiff.
The principal issue is: Whether or not the $170,000 remaining on deposit at The Bank of New York is a "special or limited purpose account."
 "A special purpose account [however,] is generally one over which the depositor has only limited dominion and control. The deposit is usually made with special restrictions or limitations agreed upon between the bank and depositor." Rosa v. Colonial Bank, 207 Conn. 483, 494 (1988).
There is no evidence of any special restrictions or limitations on The Putnam Trust Account #026697. No legal authority has been provided that the requirement of multiple signatures for any withdrawal is such a "special restriction or limitation." There are a number of examples of accounts with such "restrictions or limitations" that prevent a court order from reaching the account: Keogh plan or a retirement plan, General Statutes § 52-321a (a) (1); Payroll accounts in which the bank agrees to honor only certain checks payable to the depositors employees,In re Goodsen Steel Corporation, 488 F.2d 776 (5th Cir. 1974); Escrow accounts in which the bank has notice of third parties interests in the account, First National Bank Trust Co. v. Osoge Supply Co.,186 Okla 259,260-61, 97 P.2d 3 (1939); IRA qualified under Section 408 of the Internal Revenue Code, General Statutes § 52-321a (a) (2); Spend thrift trusts Spencer v. Spencer, 71 Conn. App. 475, 484-85 (2002).
John J. Chidsey of the Bank of New York testified that the balance of this account was reduced from the original deposit of $805,868.87 to its current $170,000 by a series of seven withdrawals from September 2, 1994 until October 20, 1994. In addition a withdrawal of $160,000 was made on February 9, 1996. All of these withdrawals were under the signature of both Elaine J. Schur Berens and Sheldon L. Berens. They were all withdrawn from The Putnam Trust and deposited or transferred to either Elaine Schur Berens or Sheldon Berens or both. Exhibit P. No withdrawals were made by anyone else. No transfers were made to anyone else. Mr. Chidsey further testified that The Putnam Trust did not know of any other person or entity who had an interest in that account other than the CT Page 15629-g plaintiffs PJR. He also testified that there was nothing The Putnam Trust could do to prevent or limit any withdrawal made from the account provided it was accompanied by the two signatures of Elaine J. Schur Berens and Sheldon L. Berens. The court finds Mr. Chidsey's testimony credible.
The court has reviewed the circumstances of setting up the $805,868.87 account. It is a simple straight forward account. Marital real property was liened pursuant to a lis pendens. The marital property was then sold. The lis pendens was released. The two joint real property owners secured the net proceeds of the sale during the pendency of their dissolution. The net proceeds of the real property sale were placed on deposit. The bank account was set up for that purpose. A standard custodial form was used by the Putnam Trust to open the account. It contained no special conditions, limitations or purposes. Mr. John J. Chidsey of the Bank of New York testified credibly that funds could be withdrawn by both parties (all three parties when Mr. Effron was involved) and could be used for any purpose whatsoever. The bank could not have exercised any control over these funds once the correct number of signatures were obtained. The bank did not exercise any control.
This court concludes that account #026697 was and is a joint bank account set up with three signatures required for withdrawal and instructions. The only conditions in Exhibit E was the requirement for multiple signatures. There were no other special agreements or limitations affecting the account offered into evidence. Only the depositors, the two defendants, had dominion and control over the account.
This conclusion that The Putnam Trust Company of Greenwich (now Bank of New York) account #022697 is not a "special purpose account" and the depositors have limited dominion and control over the account is supported by a number of trial court decisions. The Cadle Company v.Carillo, Superior Court, judicial district of Hartford/New Britain at Hartford, docket number CV91-0504043 S (May 20, 1996, Sheldon, J.),17 CLR 126; Peoples Bank v. Atwood, Superior Court, judicial district of Rockville, docket number CV90-44664S(April 8, 1993, Klaczak, J.),8 Conn.L.Rptr. 562; Masotti v. Bristol Savings Bank, 43 Conn. Sup. 360,364 (1994); Fidelity Deposit Company of Maryland v. Essex Leasing,Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, docket number CV93-0524333S (November 12, 1994, Aurigemma,J.), 13 CLR 99. The issues on the first claim for exemption are found for the plaintiff.
The intervening defendant next claims that the Florida dissolution CT Page 15629-h decree requires that the $170,000 be paid to Elaine Schur Berens. This court concludes that the Connecticut lis pendens obtained by Elaine Schur Berens was dissolved at the latest as matter of law on June 23, 1995 when the dissolution case was dismissed. From June 23, 1995 until December 1998 there was no dissolution action pending in any state whatsoever. A lis pendens is a statutory proceeding. General Statutes § 52-325. "In any action in a court of this state in or in a court of the United States." General Statutes § 52-325 (a). This statutory language limits the use of lis pendens; "if the action is intended to affect real property." Id. The filing of a lis pendens in support of title claims to real property made in Connecticut dissolution of marriage actions is a well recognized use of the statutory procedure of lis pendens.
Certain notice and service procedures must be complied with to render a lis pendens valid. General Statutes § 52-325 (a) ("recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens,"). General Statutes § 52-325 (c) ("serves a true and attested copy of the recorded notice of lis pendens upon the owner of record of the property affected thereby.").
There is no statutory procedure applicable only to the discharge of a lis pendens during the pendency of the lawsuit. General Statutes §52-325a applies only when the action has not been returned to court.
The statutes do provide for the recording of a certificate on the land records when the lis pendens is no longer valid. General Statutes §52-322 52-324 are made applicable to lis pendens by General Statutes § 52-326.
 The provisions of sections 52-322 and 52-324 shall apply, mutatis mutandis, to any lis pendens recorded according to the provisions of section 52-325 or any invalid lien sought to be discharged under section 49-51. General Statutes § 52-326.
 If an attachment, such as is set forth in section 52-322, has been made and the plaintiff has withdrawn his suit or has been nonsuited or final judgment has been rendered against him, or if such suit has not been returned, or if for any reason such attachment has become of no effect, the clerk of the court to which such suit has been made returnable shall, upon the request of any person interested, issue a certificate in accordance with the facts, which certificate may be filed in the office of the town CT Page 15629-i clerk, and shall by such town clerk be noted on the margin of the record where such attachment is recorded. General Statutes § 52-324.
There is no statute that permits a lis pendens to survive when the underlying lawsuit has been dismissed. The intervening defendant has provided no legal authority to this effect.
The plaintiff obtained a $170,000 PJR on those funds on October 17, 1994. This attachment was subject to the prior lis pendens. Once that lis pendens in favor of Elaine Schur Berens was terminated as a matter of law by the dismissal of the Connecticut dissolution action on June 23, 1995, the PJR then became the prime secured claim against The Putnam Trust account.
The Florida dissolution court had no jurisdiction over this matter in 1994 and 1995. Florida assumed jurisdiction in 1998 by reason of the defendants filing a pro se dissolution and entering into a pro se agreement in which they agreed that the $170,000 should belong to Elaine Schur Berens. In accordance to the Florida dissolution decree, as between the two named defendants, Elaine Schur Berens has a higher claim to the $170,000. There is even a higher claim; the October 17, 1994 PJR. This lawsuit was continuously pending and the PJR continuously in effect since 1994. Florida has no authority to void the October 17, 1994 PJR granted by the Connecticut Superior Court.
The intervening defendant claimed in her brief: "The Florida divorce account is a continuation of the prior 1994 Connecticut divorce action wherein the Putnam custody account was set up in lieu of a lis pendens on the proceeds of the marital residence." The intervening defendant has offered no legal authority for these legal claims. In addition the validity of the Florida decree was ruled on in Sheldon Beren's bankruptcy. "Since this state court order in the divorce proceeding was entered post petition without relief from the automatic stay, the order awarding the corpus of the Putnam Account as lump sum alimony is void and has no legal effect on the funds in the Putnam Account or the interest generated from those funds." Exhibit L. The issues on the second claim for exemption from execution are found for the plaintiff.
The third claim of exemption is that the Florida bankruptcy decree controls and the money on deposit is to be paid to Elaine Schur Berens. Exhibit L states in the final order of distribution; that the principal sum of $170,000 was to be paid in accordance with the ruling of the Connecticut Superior Court in this pending action. The Florida bankruptcy court had no authority to terminate the October 17, 1994 $170,000 PJR. CT Page 15629-j The bankruptcy court did not so order The PJR attachment is valid. U.S. Bankruptcy Court Chief Judge Robert A. Marks recognized that fact in Exhibit L. The bankruptcy order does not take precedence over the PJR. This issue on the third claim for exemption from execution is found for the plaintiff.
Only three issues were reserved at trial on the first trial date, May 29, 2002. The intervening defendant has now made a fourth claim not presented during the evidentiary portion of the hearing: the PJR attachment was wrongfully obtained in October 1994 by the plaintiff. A PJR is a final judgment for the purposes of appeal. General Statutes § 52-278l. No appeal was taken from Judge Mottolese's order. No application to modify or vacate the PJR was filed by Elaine Schur Berens after she intervened in this action over seven years ago. General Statute § 52-278k. The intervening defendant cited no legal authority that this court on an Application for Exemption may revisit the validity of a PJR granted after a court hearing seven years prior. See pages 7, 12 and 13 of Brief of Intervening Party Elaine Berens August 29, 2002. This further claim for exemption must be rejected. This court rejects the claim of sanctions including attorney fees in favor of the intervening defendant against the plaintiff for her alleged "wrongfully attaching her money for more than eight years causing irreparable harm and great distress."
CONCLUSION
This court concludes as follows:
(1) The $170,000 bank account was always held by The Putnam Trust Company as a joint account, not as a special purpose or a limited purpose account. The depositors did not have limited dominion or control over the account nor were there any special restrictions or limitations agreed to between the bank and depositors, other than the fact that multiple signatures were required for withdrawal.
(2) The Florida dissolution decree had no jurisdiction over the 1994 PJR. The Florida action was filed in 1998. The mere fact that the Florida decree ordered the $170,000 to be paid to Elaine Schur Berens, does not void the priority of the Connecticut PJR.
(3) The bankruptcy court ordered that the Connecticut Superior Court in this action will decide title to the $170,000. This court has done so. This order denying the exemption from execution is consistent with the language of the bankruptcy court order. CT Page 15629-k
The court denies the Motion for Exemption (Motion #367) for the reasons stated.
BY THE COURT
 ___________________ TIERNEY, J.
CT Page 15630